CASE 82—ACTION TO SETTLE ESTATE OF JAMES H. LESLIE, DECEASED.
—FEB. 12.

# Leslie, &c. v. York, &c.

### APPEAL FROM PIKE CIRCUIT COURT.

JUDGMENT ALLOWING CLAIM OF YORK & AUXIER, AND KATE LESLIE, AND OTHERS' APPEAL. REVERSED.

ATTORNEY AND CLIENT—CONSTRUCTION OF CONTRACT FOR FEE—MEANING OF WORD "RECOVER."

Held: A client who agrees to pay his attorneys an amount equal to one-half of what they recover, is liable only for an amount equal to one-half of what he actually obtains by the judgment recovered, and not one-half of the amount of the judgment.

J. M. ROBERSON, M. W. MAYNARD AND P. B. STRATTON, FOR APPELLANTS.

The principal question to be determined by this appeal is the construction to be placed on the word "recover" in a contract made between appellees York & Auxier and J. H. Leslie, deceased,

This suit was brought for a settlement of the estate of J. H. Leslie, deceased, and one of the claims filed before the master commission was one by York & Auxier, who are lawyers, in which they claim, and were allowed, and recovered a judgment in this suit for the sum of $1,716.25 with interest from February 1, 1901, until paid; from which judgment Kate Leslie and the infant heirs, of J. H. Leslie deceased, appeal.

The claim upon which this judgment is based, arose in this way:

James H. Leslie in his life time, had a claim against one M. Schamberg for an alleged fraud in a land sale and he employed J. M. York and A. J. Auxier as his attorneys, to institute a suit against Schamberg for damages in said sale, and as a fee to his said attorneys made this written contract: "I have employed Auxier & York to institute a suit in the Pike circuit court, against M. Schamberg for fraud in land sale, in giving in falsely the number of acres: Now I agree to pay them an amount equal to one-half they may recover, and if they do not recover, I am to pay them nothing. This May 10, 1892. James H. Leslie.

Leslie, &c. v. York, &c.

Suit was instituted by said attorneys against Schamberg who was proceeded against as a non-resident defendant by warning order and judgment obtained against him for the sum of $2,340 with intérest from May 11, 1892. No part of this judgment has been paid.

The appellants contend:

1. That this judgment against Schamberg is void.

2. If not void, no part of it has been recovered, in the sense of having been actually obtained or collected, and appellants claim that appellees are entitled only to one-half of so much of the judgment as may be actually collected, and if nothing is obtained they are entitled to nothing.

### AUTHORITIES CITED.

Adkisson v. Dent, 88 Ky., 628; Helm v. Short, 7 Bush, 623; 20 Am. & Eng. Ency. of Law, 604; Kinney's Law Dict., 579; Kerny v. Ingraham, 66 Barb., N. Y., 257; Strocheimer v. Farmers' Bank, 6 Pa. St., 41; 5 Am. & Eng. Ency. of Law, (2d ed.) pp. 827, 828; Petrie v. Williams, 68 Hun., N. Y., 592; Jenkins v. Crofton, 10 Ky. Law Rep., 456; Todd v. Gentry, 60 S. W., 639; Phillips v. Phillips, 93 Ky., 498; Clarkson v. Clarkson, 8 Bush, 658; Story v. Story, 18 R., 97; Powell v. Powell, 84 Va., 415.

YORK & YORK AND AUXIER & AUXIER, FOR APPELLEES.

This matter rests upon what is the proper construction of the word "recover" in the written agreement.

After searching all the authorities at hand, we are of the opinion that the allowance of the claim was proper.

It does not appear from the evidence whether Schamberg was or is solvent or insolvent. Where a judgment is obtained for damages by fraud or otherwise in an action in which the judgment is enforced by a *fi. fa.*, does not the duties of the attorney cease when judgment is procured and entered? Are they required to take upon themselves the office of sheriff and as such get the actual money on a *fi. fa.?* We think not.

We claim also that an appeal does not lie from an order of court confirming a commissioner's report, in a case like this, as the order is subject to any future action the court may take.

### AUTHORITIES CITED.

Construction of contract between attorney and client and word "recover" defined. Kinney's Law Dict., p. 579; Anderson's Law Dict., p. 865; Am. & Eng. Ency. of Law, p. 604, vol. 20; and

·· Same, p. 607, the latter referring to *In re* Stratton, 15 L. J.
Ex., 16; 14 M. & .W., 806. Appeals final order. Adkisson v.
Dent, 88 Ky., 629.

OPINION OF THE COURT BY JUDGE DuRELLE—REVERSING.

There is but one question necessary to the decision of
this case, and that is the proper construction to be placed
upon the word "recover" in the following contract of em-
ployment: "I have employed Auxier & York to institute
a suit in the Pike Circuit Court v. Schamberg for fraud
in land sale, in giving falsely the number of acres:   Now I
agree to pay them an amount equal to one-half they may re-
cover, and if they do not recover I am to pay them nothing.
This May 10, 1892.   James H. Leslie."   The claim of ap-
pellees against Leslie's estate is for an amount equal to
one-half the amount of the judgment obtained October 11,
1900, by the personal representative of James H. Leslie, de-
ceased, against M. Schamberg for $2,340.   Various ques-
tions are made by appellants, but in the present condition
of the case are not necessary to be, and are not, decided.
For appellees it is insisted that in the contract quoted "re-
cover" means to obtain judgment; that the attorneys in such
contract do not guaranty the solvency of the judgment debt-
or, and that when they have recovered a judgment they
have done all they are required to do to entitle them to
compensation.   In support of this contention they rely
upon the case of *in re* Stratton, 15 Law J. Exch., 16, 14
Mees. & W., 806, in which it **was** held that in an undertak-
ing by a solicitor to his client that, "should the damages
or costs not be recoverable in this action, I shall charge you
costs out of purse only," the result of the action, and not
the solvency of the defendant therein, was referred to.   We
do not think this is a fair construction of the word "recover"
as used in this contract.   The word "recover" is habitually

.and properly used in connection with the word "judgment."
.It is a perfectly correct use of the word to say that the
plaintiff recovered a judgment for a named sum. But in
.this contract the agreement is to pay "an amount equal-to
one-half they may recover." It is not "an amount equal to
one-half of the judgment they may recover." "Recover,"
as defined by Kinney's Law Dictionary, means: "To ob-
tain by course of law; to obtain by means of an action; to
succeed in an action." To the same effect is the defini-
tion in Anderson's Law Dictionary. In the American &
English Encyclopedia of Law (volume 20, p. 604) it is de-
fined thus: "To recover in law is to recover anything, or
the value therof, by judgment; as if a man sue for any land,
or other thing, movable or immovable, and have a verdict or
judgment for him. To recover is to obtain by course of law.
Recovery is the obtaining of a thing by the judgment of a
court, as the result of an action brought for the purpose;
the obtaining of anything by judgment or trial at law."
In Webster's International Dictionary the first definition
given is: "To get or obtain again; to get renewed posses-
sion of; to win back; to regain." So we see that the pri-
mary meaning of the word in common speech, and even
when used as a word of art, implies the actual obtaining
of the thing sought, and that the meaning which implies
the mere obtaining of a judgment which gives a right to
the actual possession of the thing sought is secondary,
though the word may be so used, and the context be so
plain, as to show that the word was obviously used in its
secondary meaning. The word has frequently—especially
in contracts—been construed to bear its primary and pop-
ular meaning. In Strohecker v. Bank, 6 Pa., 41, the assign-
or of a bond agreed to pay the amount of the bond with
charges accruing to the assignee, "in case the same can not

be recovered of the within-bound William Sherman." It was held: "One of the technical definitions of the word 'recovery' is the actual possession of anything, or its value, by judgment of a legal tribunal, and it is not to be doubted that this is the sense in which the word was used in this covenant." So, in the case at bar, the obvious intent of the parties was that counsel should have for their services one-half of what was obtained by the suit. But for the champerty statute the contract would have been so expressed. Because of that statute the phrase was used, "an amount equal to one-half they may recover." We are of opinion that the fair construction of the language is that Leslie was to pay an amount equal to one-half of what he actually obtained by the judgment, and not one-half of the amount of the judgment, which might or might not be worthless.

Inasmuch as such evidence as appears in this record indicates the solvency of Schamberg, the judgment debtor, we have deemed it best to ignore the other questions raised and decide the main question argued, to the end that the rights of the parties may be adjusted without loss by unnecessary delay.

For the reasons given the judgment is reversed, and cause remanded, with directions for further proceedings consistent herewith.