Argued July 23, modified September 15, 1914.

# PERKINS *v.* PERKINS.

### (143 Pac. 995.)

**Divorce—Evidence—Weight and Sufficiency—Desertion.**

1. In a suit for divorce, the weight of the evidence *held* to show that defendant did not willfully desert plaintiff, but had a lawful reason for separating from him.

> [As to desertion as ground for divorce, see note in 119 Am. St. Rep. 617.]

**Divorce—Alimony—Issues and Proof.**

2. Where a wife seeking a divorce fails to include in the complaint a description of certain real property of her husband, she waives all right thereto, and the court cannot grant her any part of such property.

> [As to proper proportion of husband's estate to be awarded to wife as permanent alimony, see note in Ann. Cas. 1914D, 319.]

**Appeal and Error—Review—Scope and Extent.**

3. Under Section 550, L. O. L., authorizing an appeal from the whole decree or from a specified part thereof, where the notice of appeal specifies a part of the decree, and does not mention the decree relating to costs and disbursements of the lower court, the part relating to costs cannot be reviewed.

**Appeal and Error—Review—Scope and Extent.**

4. Under Sections 569, 570, L. O. L., providing for the filing of a statement of costs and disbursements, objections thereto, a hearing thereon, and a judgment and appeal therefrom as in other cases, an objection to the allowance of two items of costs will not be reviewed on an appeal from the principal decree.

> [As to writs of error, their scope and effect, see note in 91 Am. Dec. 193.]

From Coos: JOHN S. COKE, Judge.

This is a suit by Fred N. Perkins against Ida M. Perkins for a divorce. From a decree for defendant, plaintiff appeals. The facts are fully set forth in the opinion of the court.                    MODIFIED.

For appellant there was a brief with an oral argument by *Mr. G. T. Treadgold.*

For respondent there was a brief and an oral argument by *Mr. George P. Topping.*

Department 1.   MR. JUSTICE RAMSEY delivered the opinion of the court.

This is a suit for divorce, etc.   The plaintiff asks for a divorce on the ground of desertion.   The defendant denies the desertion, and prays that she may be granted a divorce and one third of certain real property belonging to the plaintiff, on the ground of alleged cruel and inhuman treatment of her by the plaintiff.

The parties were married at Polo, Illinois, on August 25, 1880, 34 years ago, and they have resided in Coos County about 23 years.   They are past middle age and have grandchildren old enough to be in school.   They resided in Baker County before going to Coos County. This suit was commenced on May 12, 1913.   The parties lived together as husband and wife until about August 25, 1910, at which time the plaintiff contends that the defendant wrongfully and willfully deserted him.   It is certain that the defendant separated from him at that time, and she has not lived with him as his wife since.

The complaint charges desertion in proper form. The answer denies the desertion, and sets up a counterclaim for divorce on the ground of cruel and inhuman treatment.   The new matter of the answer is denied by the reply.   The answer described certain lands belonging to the plaintiff, and alleges that they are worth not less than $10,000, and that they are encumbered by mortgage for the sum of $2,100, and asks that she be given an undivided one third of said lands in fee simple, in addition to a divorce.

The court, below, after hearing the evidence offered by the parties, made findings and rendered a decree against the plaintiff and in favor of the defendant, but required the defendant to pay the costs and disburse-

ments in the court below.  The court below found that the defendant was not guilty of willful desertion, and that the plaintiff had been guilty of cruel and inhuman treatment of the defendant, and granted the latter a divorce.

No questions arise on the pleadings, and hence it is not necessary to set out the allegations thereof.  We have read and considered carefully the evidence and the arguments for the respective parties, and the law bearing upon the case.  It is clear from the evidence that the defendant was guilty of desertion, *unless* the treatment of her by the plaintiff was of such a character as to justify her in separating from him and refusing to live with him as his wife.  We think that it would subserve no good purpose to spread upon the record a statement of the material evidence.  It will be sufficient to state our conclusions from the evidence.

1. It is shown by the evidence that the plaintiff and the defendant are substantial, industrious citizens of their community, and that the plaintiff was a good provider for his family.  Their children live near them. From time to time, for many years, disagreements arose between them concerning various matters, and quarrels resulted and vigorous language was frequently used.  The evidence seems to show that the plaintiff was very firm in his opinions and quite irritable, and that he deemed it his duty to dominate matters about his house and family.  The evidence shows that, when differences arose between him and the defendant, he was very argumentative concerning them, and that he wanted to argue the matter until it was settled, and that he did not consider a question settled until it was determined in accordance with his contention.  This is shown by the evidence of members of his family and others.  His irritability and contentious-

ness may have been aggravated by growing years and infirmity. He has been in his later years a cripple. His son and daughter and son in law, and his daughter in law and three other persons, who were not related to him, but had been about his house, were the witnesses, and to a large extent they corroborate the evidence of the defendant. His son, however, admits that he was not *always* at fault in the family quarrels, and that the defendant began some of them. The children appear to be in full sympathy with the defendant, their mother, and against their father, in this matter. They have given a large part of the evidence for the defendant.

According to the evidence there was a large amount of argument and quarreling between the parties, and this resulted in hot words and the calling of opprobrious names and the making of accusations of supposed misconduct. We, of course, cannot know what the true facts are as to the conduct of the parties toward each other. We are constrained to determine the matters according to the weight of the evidence given. The case is a sad one, and we regret to have to decide it. In cases of this kind, the children sometimes take sides, and, without intending to be untruthful, so color their evidence as to magnify greatly the faults of the parent against whom they testify. But courts can decide only in favor of the party on whose side evidence preponderates. In this case, the weight of the evidence is in favor of the defendant, and it shows that the defendant did not willfully desert the plaintiff, but that she had what appears from the evidence to have been a lawful reason for separating from him, and hence we hold that the plaintiff is not entitled to a decree of divorce.

72 Or.—20

We find, also, from the evidence, that the plaintiff was guilty of cruel and inhuman treatment of the defendant, as stated in the answer. We do not find that he was guilty of everything alleged in the answer, but of enough thereof to constitute cruel and inhuman treatment within the meaning of our statute relating to divorces as heretofore construed by this court. It is not necessary to set forth in this opinion the acts constituting the cruel and inhuman treatment. They are sufficiently set forth in the answer, and detailed in the evidence and in the findings of the court below. We approve those findings, except as to the real property of the plaintiff.

2. The court below, in granting to the defendant a decree of divorce, granted her, in fee simple, an undivided one-third part of lands belonging to the plaintiff, including a one-third interest in the west half of the northwest quarter of section 27, in township 29 south, range 14 west of the Willamette meridian. This land was not described in the answer, and it was not mentioned in the evidence. The rule is well established in this state that where a party to a divorce suit asks for a decree of divorce, and desires, also, to obtain a decree for one third of the real property owned in fee by the adverse party, it is incumbent on him to set forth in his pleading a description of such property and to ask for a decree for an undivided one third thereof, and, if he fails to do so, he waives all right thereto, and the court has no power to grant him any part of such property: *Bamford* v. *Bamford,* 4 Or. 30; *Wetmore* v. *Wetmore,* 5 Or. 469; *Houston* v. *Timmerman,* 17 Or. 506 (21 Pac. 1037, 11 Am. St. Rep. 848, 4 L. R. A. 716); *Hall* v. *Hall,* 9 Or. 453; *Ross* v. *Ross,* 21 Or. 9 (26 Pac. 1007); *Senkler* v. *Berry,* 52 Or. 212 (96 Pac. 1070). The decree of the court below, in

so far as it attempted to grant to the defendant a part of the west half of the northwest quarter of section 27 in township 29 south, range 14 west of the Willamette meridian, is invalid, and said decree will be so modified as to omit all reference to said parcel of land.

3. The court below, owing to the fact that the plaintiff owes more than $4,000, required the defendant to pay the costs and disbursements of the plaintiff in the court below. The plaintiff filed a cost bill containing a statement of his costs and disbursements. The items aggregated $172. Among the items so claimed was one of $85 for money paid the reporter for a copy of the evidence in the case, and an item of $50 that the court below required the plaintiff to pay to the defendant as expense money. The defendant filed objections to both of these items, and when the court below passed thereon it disallowed both of them. The decision of the court disallowing said items was made and entered some time after said decree of divorce was rendered. The plaintiff assigns the disallowance of said items of disbursements as error, and in his brief he seeks to have said decision reviewed on this appeal from the decree granting said divorce. The plaintiff's notice of appeal, omitting the title of the suit, the address to the defendant and her attorney, and the signature, is as follows:

"Notice is hereby given that the appellant, Fred N. Perkins, hereby appeals to the Supreme Court of the State of Oregon *from that part* of the order and decree of the above-entitled Circuit Court, made and entered on the 20th day of October, 1913, in the above-entitled cause, *dismissing plaintiff's complaint and granting defendant a decree of divorce* at the prayer of her cross-complaint and *decreeing her to be the owner of a one-third interest in the real estate of plaintiff.*"

This notice *limits* the appeal to that part of the decree dismissing the plaintiff's complaint and granting the defendant a divorce and one-third interest in the real property of the plaintiff.   It does not mention the decree against the defendant for the costs and disbursements of the court below, nor does it in any manner refer to the decision of the court disallowing the two items of the plaintiff's cost bill referred to *supra.* A party to a decree may appeal from the whole decree or only from a specified part thereof (Section 550, L. O. L.), and where the appeal is from only a part of the decree, the appellate court can review only the part of the decree appealed from.   This appeal is from only a part of the decree, and hence we can review only the part from which the plaintiff appeals.   The other portion of the decree must stand as it was entered by the trial court.   That part of the decree relating to costs was not appealed from.

4. But there is another reason why we cannot review the decision of the trial court disallowing the plaintiff's two items of disbursements referred to *supra.* Section 569, L. O. L., provides for the filing of a statement of costs and disbursements which a party is entitled to recover.   It provides, also, for filing objections thereto, and it declares, *inter alia,* that:

"The statement of disbursements and the objections thereto constitute the only pleadings required on the question of taxation and allowance of costs and disbursements, and they shall be subject to the right of amendment like pleadings in *other cases.*"

Section 570, L. O. L., is as follows:

"As soon as convenient after objections are filed against a statement of disbursements, the court, or judge thereof, in which the * * suit * * is pending, shall, without a jury, proceed to hear and determine all

the issues involved by the statement and objections as to costs and disbursements. At such hearing the court or judge may examine any record or paper on file in the cause, and either party may produce relevant or competent testimony, either orally or by deposition, or otherwise, to sustain the issues on his behalf. Either party may except to the ruling of the court or judge upon any question of law made at such hearing, and the same shall be embodied in a bill of exceptions, *as in other cases*. As soon as convenient after the hearing, the court or judge thereof shall make and file with the clerk of the court a correct itemized statement of the costs and disbursements as allowed by the court or judge, *and shall render judgment thereon* accordingly for the party in whose favor the same are allowed; and no other finding or conclusion of law or fact shall be necessary, and the same shall be final and conclusive as to all questions of fact. * * An appeal may be taken *from the decision and judgment* of the court, or judge thereof, *on the allowance and taxation of costs and disbursements* on questions of law only *as in other cases,* and on such appeal the statement of disbursements, the objections thereto, the statement of costs and disbursements as filed by the court or judge, *the judgment or decree rendered thereon, and the bill of exceptions, if any, shall constitute the judgment-roll.''*

This section as it now is was passed by the legislature in 1903: See Laws 1903, pp. 209, 210. It materially changed the practice in the taxation of costs and disbursements. Under the law as it now stands, proceedings for the taxation of costs and disbursements constitute a proceeding of itself. The cost bill and the objections thereto constitute the pleadings. A bill of exceptions is provided for, and the cost bill, the objections thereto, the statement of costs and disbursements as filed and allowed by the court or judge, the judgment or *decree* rendered *thereon* and the bill of exceptions, if there be one, constitute the *judgment-roll.*

The decision of the court or judge is called a *judgment* or a *decree,* as the case may be. The proceeding is complete in itself, and it terminates in a judgment or a decree separate from the judgment or decree in the action or suit, and it is rendered subsequently to the rendition of the judgment or decree in the action or suit out of which it grows. The judgment or decree in the action or suit is separate from the judgment or decree rendered in the taxation of costs. This section provides for an appeal from the judgment or decree rendered in the taxation of costs on questions of law only "as in other cases." This section and the one preceding it form a code of procedure for the taxation of costs and disbursements and for appeals in such proceedings.

It seems clear to us that, where objections are filed to cost bills and either party desires to appeal from the decision of the court or judge *thereon,* he must appeal from the judgment or the decree rendered in the proceedings for the taxation of costs, and that, on an appeal from the main judgment or decree in an action or a suit, the decision of the court rendered subsequently in the proceeding for the taxation of costs cannot be reviewed. Of course, if a court in an action at law should render a judgment for costs against the defendant where the law required the judgment to be rendered against the plaintiff, such an error could be corrected on an appeal from that judgment, because such a judgment would be clearly erroneous. But where the court properly renders a judgment or a decree against a party, and a cost bill is filed by the other party, and the person against whom the judgment or the decree is rendered files objections to some or all of the items of the cost bill, and the court or judge hears such objections and renders a judgment or a de-

cree in said proceeding, allowing or disallowing some or all of the items, and the losing party desires to appeal from that decision, he must appeal from the *judgment* or decree *rendered in that proceeding* for the taxation of costs, and not from the main judgment or decree rendered in the action or the suit.

For the reason that the plaintiff did not appeal from the decree rendered in the proceedings for the taxation of costs, we hold that we cannot review the decision of the court below disallowing the two items of disbursements referred to *supra.*

The decree of the court below is affirmed, except as to that part thereof decreeing to the defendant an undivided one-third part of the west half of the northwest quarter of section 27 in township 29 south, range 14 west, of the Willamette meridian, and the decree as to property recovered by the defendant is so modified as to eliminate therefrom all mention of said parcel of land. In all other respects, said decree is affirmed. Neither party is allowed any costs or disbursements in this court.

This cause is remanded to the court below, with directions to enter a decree in accordance with this opinion.                                            MODIFIED.

MR. JUSTICE EAKIN, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.