## Grant v. City of Winchester et al.

April 22, 1949.

Rehearing denied June 24, 1949.

D. L. Pendleton for appellant.

William Hays, A. E. Funk, Attorney General, and Squire N. Williams, Jr., Assistant Attorney General, for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Affirming.

This suit raises the question: is the prosecuting attorney in a city of the third class entitled to receive as compensation 30 percent of the $1 penalties paid for violation of parking meter regulations? Appellant is the prosecuting attorney of Winchester, and filed this action against the City, its commissioners, and the Attorney General. He asked for a declaration of rights in his favor and an order directing the payment of this compensation as part of his legal fees. The Chancellor sustained a general demurrer to the petition, and effectively denied appellant's claim.

Winchester has a parking meter ordinance which declares it unlawful for an operator to cause, allow, permit, or suffer a vehicle to be parked beyond the time paid for as provided by schedule. Section 12 of the ordinance makes it the duty of the city police officers to report the license number of vehicles illegally parked, and further provides: "The police officer shall place upon each such vehicle a notice to the owner or operator thereof that such vehicle has been or is parked in violation of a provision of this ordinance, instructing such owner or operator to report to the police court of the City of Winchester in regard to such violation. Each owner or operator may within twenty-four (24) hours of the time when such notice was placed upon such vehicle pay to the Chief of Police as a penalty for and in full satisfaction of such violation the sum of One Dollar ($1.00). Failure of such owner or operator to make

payment within twenty-four (24) hours shall render such owner or operator subject to the penalties hereinafter provided.''

Section 13 of the ordinance fixes a specific penalty for ''conviction'' of violation of the ordinance, being a fine of $10 to $50 and/or imprisonment for a term not exceeding 10 days for each offense.

KRS 69.530 provides in part: ''The prosecuting attorney in cities of the third class shall receive thirty percent of all the fines and forfeitures recovered in the police court that are collected and paid into the city treasury.''

We will assume without deciding that the $1 ''penalty'' is in the nature of a fine or forfeiture, and the allegations are that it is collected and paid into the treasury. In our opinion it is not, however, *recovered in the police court.*

In the first place, there is no proceeding in that court. The only transaction is between the offending party and the Chief of Police. The latter does not constitute the court. The practical effect of the $1 penalty provision is to give the owner or operator of a vehicle an opportunity, by voluntary payment, to *avoid* prosecution in the police court.

In the second place, it is our opinion that the word ''recovered'' as used in this statute contemplates a judicial proceeding. The term ''recover'' has often been defined as the obtention of something by means of a legal action and the judgment of a court. See 53 Corpus Juris 655, section 2; and Leslie v. York, 112 Ky. 712, 715, 66 S. W. 751. The ordinance involved in this case provides in a separate section substantial penalties for violation of the ordinance, which are dependent upon ''conviction'' of the offender. Any fine imposed under this section would be truly ''recovered,'' but the payment to avoid prosecution does not result from an apparently contemplated judicial proceeding.

A third reason why appellant should not be entitled to this compensation is because he does not participate in the collection of the penalty. KRS 69.520, which immediately precedes the section fixing his compensation, provides that the prosecuting attorney ''shall attend

420

all sessions of the police court and prosecute all criminal and penal cases in that court * * *.'' Construing the two sections together, it is clear his compensation is to be paid for his services in the prosecution of cases. In further fortification of this view, we find that KRS 64.410 provides in part that no officer shall demand or receive ''Any fee for services not actually rendered.'' Appellant's petition fails to allege the performance of any services in the collection of this penalty.

It is our conclusion that the $1 penalty provided in this ordinance is not recovered in the police court within the meaning of the statute; and appellant is not entitled to a percentage thereof as compensation for his services.

For the reasons stated, the judgment is affirmed.