Argued May 8, reversed and remanded June 6, petition for
rehearing denied July 18, 1956

# COLBY *v.* LARSON

297 P. 2d 1073
299 P. 2d 1076

*James L. Hannam* argued the cause for appellant. On the brief were Yunker, Fewless & Hannam, Portland.

*Roger L. Dick* argued the cause for respondent. On the brief were Dick & Dick, The Dalles.

Before WARNER, Chief Justice, and TOOZE, LUSK, BRAND and PERRY, Justices.

LUSK, J.

This is an appeal from an order sustaining objections to plaintiff's cost bill.

Plaintiff sued to recover $372.59 damages to his automobile caused by the negligent operation of an

automobile by the defendant. He alleged in his complaint:

"That more than ten days prior to filing this action, plaintiff made written demand on the defendant for the damages sustained by plaintiff; but defendant has refused and failed to reimburse plaintiff for said damages; plaintiff, therefore, alleges $300.00 as a reasonable attorneys fee to be allowed plaintiff herein."

The defendant by his answer admitted his liability in the full amount of damages sued for, but denied plaintiff's right to recover an attorney's fee, and in that regard alleged:

"* * *· defendant has tendered with this answer and has deposited with the County Clerk of the State of Oregon for Wasco County and the Clerk of the above entitled Court said sum of $372.59 for the benefit of the plaintiff to be delivered to the plaintiff in full satisfaction of said judgment."

The defendant also denied the allegation of the complaint that plaintiff had made written demand for payment of his damages ten days prior to commencement of the action.

The court, by its judgment, ordered the clerk to pay to the plaintiff the moneys paid into court by the defendant, declared the cause to be "moot," and expressly disallowed plaintiff's claim for an attorney's fee. Thereafter plaintiff filed a statement of his costs and disbursements, including an attorney's fee in the amount of $250. Defendant filed objections to the cost bill, and a hearing was had in accordance with the procedure prescribed in ORS 20.210 and 20.220. See *Perkins v. Perkins,* 72 Or 302, 308-311, 143 P 995. At the hearing the plaintiff offered to prove that more

than ten days before the commencement of the action he had made written demand on the defendant for the payment of $372.59 damages sustained in the accident in question. The defendant objected to the offer of proof and the court sustained the objection. It is not contended that the defendant at any time prior to the commencement of the action tendered any amount to the plaintiff. At the conclusion of the hearing the court made and entered an order by which it "rejected and denied" each and every item of the cost bill. It is from this order that the appeal is taken.

■ The question whether plaintiff is entitled to recover his costs, and as a part thereof a reasonable attorney's fee, depends on whether the case is governed by ORS 20.080, which reads:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount recovered is $500 or less, there shall be taxed and allowed to the plaintiff, as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fee for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action; provided, that no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount not less than the damages awarded to the plaintiff."

As stated, defendant in his answer offered to allow judgment to be taken against him for the amount prayed for in the complaint, and he contends that he, and not the plaintiff, is entitled to recover costs because of the provisions of ORS 17.055, which reads:

"The defendant may, at any time before trial, serve upon the plaintiff an offer to allow judgment

or decree to be given against him for the sum, or the property, or to the effect therein specified. If the plaintiff accepts the offer, he shall by himself or attorney indorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon him; and thereupon judgment or decree shall be given accordingly, as in case of a confession. If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the plaintiff fails to obtain a more favorable judgment or decree, he shall not recover costs, but the defendant shall recover of him costs and disbursements from the time of the service of the offer.''

There is an apparent conflict between the two sections. The plaintiff, under 20.080, is entitled to recover ''as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees for the prosecution of the action,'' if, as his offer of proof shows, he made a written demand upon the defendant more than ten days before the commencement of the action for $372.59, and if no tender in an amount not less than that sum was made by the defendant *prior to the commencement of the action.* On the other hand, if ORS 17.055 is the controlling statute, the plaintiff is not entitled to recover costs because, *after the commencement of the action* but before trial, the defendant offered to allow judgment to be given against him for the sum demanded by the plaintiff.

ORS 17.055 is a general statute applicable to every kind of case at law or in equity. It has been a part of the law of this state since 1862. Deady's General Laws of Oregon § 511. ORS 20.080 is a special statute passed in 1947 (Oregon Laws 1947, ch 366) to meet a particular situation. It applies only in tort actions involving

claims for injury to person or property where the amount recovered is $500 or less, and was undoubtedly enacted for the purpose of encouraging the settlement without litigation of meritorious tort claims involving small sums. The risk the defendant ran of having to pay the fee of the plaintiff's attorney was evidently considered a spur to such settlements. See *Dolan v. Continental Casualty Co.*, 133 Or 252, 255, 289 P 1057. Frequently the injured person might forego action upon a small claim because he realized that, after paying his attorney, his net recovery would not be worth the time and trouble of a vexatious law suit. The legislature may have found that tort feasors or their insurance carriers frequently rejected meritorious claims of this kind because of this known reluctance of injured persons to litigate. Claims which in honesty and fairness should have been paid were not paid, and it was to remedy this evil that the statute was passed. But, if the defendant's position here were to be sustained, this clear legislative purpose would be defeated by the defendant ignoring a demand made pursuant to ORS 20.080, secure in the knowledge that if action should be brought he could escape payment of an attorney's fee and other costs by offering before trial to allow judgment to be given against him as provided in ORS 17.055.

We reject such a construction. It is a clear case for application of the rule that where there is a conflict between two statutes, both of which would otherwise have full force and effect, and the provisions of one are particular, special and specific in their directions and those of the other are general in their terms, the specific provisions must prevail over the general provisions. *State v. Preston*, 103 Or 631, 637, 206 P 304, 23 ALR 414. In such a case the particular provisions

are considered an exception to the general. *Barnes v. Massachusetts Bonding Co.,* 89 Or 141, 143, 172 P 95.

We therefore hold that, if the plaintiff made written demand on the defendant for payment of his damages as alleged in the complaint, the defendant could not avoid payment of a reasonable attorney's fee and other costs by offering to allow judgment to be entered against him after commencement of the action, and that ORS 20.080 controls the present question. There seems to be no serious dispute about the fact that such demand was made. But, as this is "a proceeding of itself" (*Perkins v. Perkins,* supra), and there is no proof of that fact in the bill of exceptions, but only an offer of proof erroneously rejected by the court below, we are unable to dispose of the case finally here.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

**ON REHEARING**

On Respondent's Petition for Rehearing

Dick & Dick, The Dalles, for the petition.

Before Warner, Chief Justice, and Tooze, Lusk, Brand and Perry, Justices.

LUSK, J.

The defendant's petition for rehearing criticizes our opinion for its failure to discuss one of the contentions urged by the defendant in his brief and on the argument. It was contended, and is now reiterated, that the case became moot after payment to the plaintiff of the amount tendered into court by the defendant, as an attempted offer of compromise under ORS 17.055; that no judgment was ever entered; that costs are allowable only as incident to a judgment; and that for these reasons the court was without jurisdiction to allow costs to the plaintiff and the controverted attorney's fee as a part of such costs.

The record shows that on January 14, 1954, defendant filed an offer in writing to allow judgment to be given against him for $372.59; that on August 31, 1954,

plaintiff tendered findings of fact and conclusions of law and a judgment against the defendant for $372.59, together with his costs and disbursements, taxed at $     ; that included among the findings thus proposed was one to the effect that more than ten days prior to the commencement of the action plaintiff made written demand on the defendant for payment of his damages in the sum of $372.59, and, among the conclusions of law, that plaintiff was entitled to a reasonable attorney's fee under ORS 20.080. The defendant on September 9, 1954, filed objections to the proposed findings of fact, conclusions of law, and judgment, and moved for an order directing the clerk to pay to the plaintiff the sum of $372.59, deposited with him by defendant, and for a dismissal of the action on the ground that "the cause tendered by the plaintiff's complaint is moot." On November 9, 1954, after a hearing, the court entered an order disallowing the proposed findings of fact, conclusions of law, and judgment, and adjudged the cause moot. Said order also contained the following:

> "NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that the Clerk of this Court be and he is hereby directed to pay over to the plaintiff the sum of $372.59 paid into Court by the defendant and deposited with said Clerk."

ORS 20.080, which we have held governs this case, applies "where the amount recovered is $500 or less." The judgment of the court directing the clerk to pay the deposited money to the plaintiff was a "recovery" within the meaning of this statute. To "recover" means, among other things, to "obtain by course of law." *Leslie v. York*, 112 Ky 712 66 SW 751; *Cordes v. Harding*, 27 Cal App 474, 150 P 650; *Covert v. Randles*, 53 Ariz 225, 87 P2d 488. It was through a

legal proceeding and the order and judgment of a court that the plaintiff obtained the damages for which he sued. He was therefore entitled to his costs. The cause was not moot, and the court's declaration that it was did not make it so because there remained the power, jurisdiction, and duty of the court under the statute to determine the amount of a reasonable attorney's fee and allow it to the plaintiff, together with his other costs and disbursements.

The petition for rehearing is denied.