LEE PERKINS v. AMERICAN MUTUAL FIRE INSURANCE COMPANY

No. 6927SC152

(Filed 30 April 1969)

1. **Insurance § 105— action against insurer to determine coverage — attorneys' fees**

   Attorneys' fees are not allowable as an item of damages or as an item of court costs in plaintiff's action against an insurance company to determine coverage under a policy of automobile liability insurance.

2. **Attorney and Client § 7— attorneys' fees — item of damages**

   In the absence of any contractual or statutory liability therefor, attorney fees and expenses of litigation incurred by the plaintiff or which plaintiff is obligated to pay in the litigation of his claim against defendant are not recoverable as an item of damages, either in a contract or a tort action.

3. **Costs § 4— statutory costs — amount of allowance**

   Where a statute provides that the successful party may be allowed certain sums, termed "costs," by way of indemnity, for his expenses in the action, it is not in the power of the courts or juries to increase the allowance fixed by statute.

4. **Attorney and Client § 7; Costs § 4— attorneys' fees — costs of court**

   Except as otherwise provided by statute, attorneys' fees are not regarded as a part of the court costs. G.S. 6-21, G.S. 6-21.1, G.S. 6-21.2.

APPEAL by plaintiff from *Ervin, J.,* 19 August 1968 Session, GASTON Superior Court.

Plaintiff was involved in an automobile accident on 18 February 1963. As a result of the accident certain tort actions were instituted against plaintiff seeking to recover damages. Plaintiff notified defendant and called upon it to defend the actions under the terms of the policy of liability insurance issued to plaintiff by defendant. Defendant declined to defend upon the grounds that the insurance policy was not in force on the date of the accident; and plaintiff employed counsel to defend. The tort actions terminated in a judgment against plaintiff.

The judgment was not paid, and, as a result of the unpaid judgment, plaintiff was notified that his operator's license was suspended. Plaintiff brought action against the Commissioner of Motor Vehicles seeking to retain his license, and incurred expense of attorney fees in that action.

Plaintiff brings this action against his insurer to recover the amount of (1) attorney fees incurred in defense of the tort actions,

(2) the judgment rendered against him in the tort action, (3) attorney fees incurred in the action against the Commissioner of Motor Vehicles, and (4) attorney fees incurred in the prosecution of this action.

This case was first heard in Superior Court before McLean, J., who made findings of fact and concluded as a matter of law that the plaintiff's policy was not in force on 18 February 1963, and denied recovery by plaintiff. On appeal our Supreme Court in *Perkins v. Insurance Co.*, 274 N.C. 134, 161 S.E. 2d 536, reversed the judgment of the trial court and remanded the cause with direction that the plaintiff be awarded judgment for such amount as he might establish in further proceedings. The facts are fully set out in the opinion of the Supreme Court.

Pursuant to instructions of the Supreme Court the matter was heard again in Superior Court before Ervin, J. After hearing additional evidence, Judge Ervin made separate findings and conclusions and entered judgment ordering defendant to pay to plaintiff the amount of (1) attorney fees incurred in the defense of the tort actions against plaintiff, (2) the judgment rendered against plaintiff as a result of the tort actions, plus interest and costs, and (3) the costs of this action.

Judge Ervin further concluded that plaintiff was *not* entitled to recover attorney fees incurred in the action against the Commissioner of Motor Vehicles to enjoin the suspension of his operator's license, nor attorney fees incurred in the prosecution of this action. The plaintiff duly filed exceptions to this judgment and appealed.

*Mullen, Holland & Harrell, by Philip V. Harrell, for plaintiff appellant.*

*Hollowell, Stott & Hollowell, by Grady B. Stott, for defendant appellee.*

BROCK, J.

Counsel for plaintiff appellant has abandoned in oral argument any claim for attorney fees in the action against the Commissioner of Motor Vehicles. Therefore the sole question to be determined by this Court is whether the trial judge erred in concluding as a matter of law that plaintiff is not entitled to recover attorney fees incurred by him in the prosecution of this action.

[1] Plaintiff does not cite, and our research has failed to disclose, any case in North Carolina allowing the recovery of attorney fees

in an action against an insurance company to determine coverage under a policy. It is the contention of plaintiff that the counsel fees should be recovered as an element of damage for breach of the insurance contract by defendant in refusing to defend plaintiff and pay the judgment and expenses. However, it is not contended by plaintiff that the contract made provision for recovery of attorney fees in this instance.

[2, 3]    The general rule is that, in the absence of any contractual or statutory liability therefor, attorney fees and expenses of litigation incurred by the plaintiff or which plaintiff is obligated to pay in the litigation of his claim against the defendant, are not recoverable as an item of damages, either in a contract or a tort action. The reason for the rule is that these expenses are not the legitimate consequence of the tort or breach of contract complained of, and to allow these expenses to the plaintiff, which are never allowed to a successful defendant, would give the former an unfair advantage in the contest. Where a statute provides that the successful party may be allowed certain sums, termed "costs," by way of indemnity, for his expenses in the action, it is not in the power of the courts or juries to increase the allowance fixed by statute. 22 Am. Jur. 2d, Damages, § 165, p. 234.

"The right to recover attorneys' fees from one's opponent in litigation as a part of the costs thereof does not exist at common law. Such an item of expense is not allowable in the absence of a statute or rule of court or in the absence of some agreement expressly authorizing the taxing of attorneys' fees in addition to the ordinary statutory costs." 20 Am. Jur. 2d, Costs, § 72, p. 58.

[4]    While at one time the allowance of certain fixed attorney fees as a part of the costs of litigation was a policy in this State, statutes allowing this were repealed and nonallowance of counsel fees was deliberately adopted as the policy in 1879. *Trust Co. v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578. This policy, except as modified by the provisions of G.S. 6-21, 6-21.1 and 6-21.2, has prevailed in this State since that date. "Except as otherwise provided by statute, G.S. 6-21, attorneys' fees are not now regarded as a part of the court costs in this jurisdiction." *Trust Co. v. Schneider, supra.*

[1]    It is the opinion of this Court, and we so hold, that our statutes, G.S. 6-21, 6-21.1 and 6-21.2 do not authorize the allowance of attorney fees as a part of the court costs in cases such as the one at bar, and that this case does not come within their provisions.

Affirmed.

CAMPBELL and MORRIS, JJ., concur.