ROLAND HICKS v. JAMES MICHAEL ALBERTSON

No. 7318DC420

(Filed 11 July 1973)

**Attorney and Client § 9; Costs § 3— offer of judgment — award of attorney fee**
   Where judgment of $150 was entered upon defendant's offer of judgment pursuant to G.S. 1A-1, Rule 68(a) in an action to recover for damage to plaintiff's automobile, the presiding judge of the district court had authority to award a reasonable attorney fee to the plaintiff under G.S. 6-21.1 even though there was no actual trial.

   Judge CAMPBELL dissents.

APPEAL by defendant from *Haworth, Judge,* 26 February 1973 Session of District Court (High Point Division) held in GUILFORD County.

This is an action instituted 15 September 1972 to recover the sum of $150.00 for damage to plaintiff's automobile arising out of an accident which occurred 16 March 1972 alleged to have been caused by the negligence of the defendant. In his prayer for relief the plaintiff specifically requested ". . . costs to include a reasonable attorney fee for plaintiff's attorney pursuant to G.S. 6-21.1."

The defendant filed answer denying the material allegations of the complaint and setting forth a counterclaim against the plaintiff for the sum of $350.00 which was denied in plaintiff's reply.

On 1 February 1973 under the terms of Rule 68(a) of the Rules of Civil Procedure the defendant through his attorney made an offer of judgment ". . . for the sum of $150.00 plus the costs accrued to the date of this offer."

On 6 February 1973 the plaintiff through his attorney accepted the offer of defendant to allow judgment to be taken against him ". . . for the sum of $150.00 plus the costs accrued to the date of said offer *to include as a portion of said cost attorney's fees to be taxed against the defendant pursuant to G.S. 6-21.1 accrued to said date in the discretion of the Court.*" (Emphasis added.) Upon the same date notice of motion by plaintiff to have the court enter an order allowing reasonable attorney fee was served upon counsel for defendant.

On 16 February 1973 the assistant clerk of court entered judgment for plaintiff for $150.00 ". . . together with the costs accrued to January 31, 1973 including as a portion of said costs such attorney's fees as the court may order as having accrued in this matter as of January 31, 1973 pursuant to G.S. 6-21.1."

After hearing on 28 February 1973 the presiding judge of the district court made findings of fact concerning the institution of the suit, the negotiations which resulted in obtaining a judgment for the entire amount claimed in the complaint, and the reasonable value of the services of plaintiff's counsel in connection with his representation of the plaintiff, and the court, in its discretion, awarded the sum of $75.00 as attorney fee for plaintiff's counsel to be included as a part of the court costs which were taxed against the defendant.

From this judgment defendant appealed.

*Clontz, Gardner & Tate, by J. W. Clontz and Rossie G. Gardner, for plaintiff appellee.*

*Henson, Donahue & Elrod, by Joseph E. Elrod III, for defendant appellant.*

BALEY, Judge.

In this appeal the defendant seeks to avoid the payment of an attorney fee under G.S. 6-21.1 upon the ground that his offer of judgment and its acceptance by the plaintiff eliminated any trial, and that only a presiding *trial* judge can allow an attorney fee to the successful litigant. We do not agree.

Ordinarily, in the absence of any contractual or statutory liability, attorney fees are not recoverable as an item of damages or part of the costs of litigation. *Piping, Inc. v. Indemnity Co.,* 9 N.C. App. 561, 176 S.E. 2d 835; *Perkins v. Insurance Co.,* 4 N.C. App. 466, 167 S.E. 2d 93.

However, G.S. 6-21.1 is a statutory exception to this general rule and expressly authorizes the payment of an attorney fee as a part of the court costs. In pertinent part it provides:

"In any personal injury or property damage suit . . . *instituted* in a court of record, where the judgment for recovery of damages is two thousand dollars ($2,000.00) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the *litigant obtaining a judgment for damages in said suit,* said attorney's fee to be taxed as a part of the court costs." (Emphasis added.)

The act refers specifically to the "institution" of a suit, not its trial, and allows an attorney fee to be awarded to the "duly licensed attorney representing the litigant obtaining a judgment for damages in said suit" without regard to how that judgment is obtained. To permit an offer of judgment, or indeed any settlement prior to a completed trial, to avoid the payment of a reasonable attorney fee in the discretion of the court would defeat in large measure the purpose of the statute. If a party wishes to avoid payment of attorney fee in cases to which G.S. 6-21.1 may be applicable, he should make his offer of settlement before the suit is instituted.

Here the facts are clear that this suit was instituted in a court of record and that a judgment for recovery of damages

of less than $2,000.00 was obtained. While it is proper that the trial judge in an action which proceeds to trial may allow a reasonable attorney fee to the successful litigant under G.S. 6-21.1, the presiding judge of the court in which the suit is instituted may allow such fee when judgment is obtained without the necessity for trial. In cases where the judge who presided at the trial is unable because of death, disability, or other valid reason to make such allowance, the presiding judge of the court in which the suit is instituted would have such authority.

In *Colby v. Larson*, 208 Ore. 121, 299 P. 2d 1076, the Supreme Court of Oregon in interpreting a statute somewhat similar to G.S. 6-21.1 in a case where judgment was entered upon an offer of judgment filed by the defendant determined that the court which entered judgment retained its power to award a reasonable attorney's fee—even though there was no actual trial. The Oregon court stated that:

> "The judgment of the court directing the clerk to pay the deposited money to the plaintiff was a 'recovery' within the meaning of this statute. To 'recover' means, among other things, to ' "obtain by course of law." ' [Citations omitted.] It was through a legal proceeding and the order and judgment of a court that the plaintiff obtained the damages for which he sued." *Colby v. Larson, supra,* at 129-30, 299 P. 2d at 1077.

Throughout the entire chronological sequence of events from the filing of complaint on 15 September 1972 until the judgment awarding attorney fee was entered on 28 February 1973, there is a clear indication in this record that an application for attorney fee as a part of the costs was to be considered by the court, and the settlement was effected with knowledge of this proposed application.

Defendant maintains that only the clerk of court had jurisdiction to determine and tax costs in this case and did not tax an attorney fee as a part of such costs. The judgment entered by the clerk awarded costs to include "such attorney's fee as the court may order." This contention has no merit. The district judge found facts concerning the reasonable value of services performed by plaintiff's attorney and awarded the sum of $75.00 as attorney fee. The judgment recites that the findings of fact are made "upon the record and judicial admissions of counsel . . ." at the hearing. The findings are sufficient to sup-

port the judgment. In the absence of any contrary evidence in the record, it is presumed that they are supported by competent evidence.

The judgment is affirmed.

Affirmed.

Judge BRITT concurs.

Judge CAMPBELL dissents.