IN THE MATTER OF THE ESTATE OF JAMES L. MOORE,
DECEASED

No. 7519SC999

(Filed 2 June 1976)

Executors and Administrators § 37— nominated executor seeking letters
testamentary — costs of proceeding not taxed against estate

A proceeding by one nominated to be executor under a will for
the issuance to him of letters testamentary for which respondent seeks
reimbursement of expenses including an attorney's fee does not come
within the provisions of G.S. 6-21(2), since such a proceeding is not
one involving the rights and duties of any party under the will.

APPEAL by petitioner from *Collier, Judge.* Order entered
13 November 1975 in Superior Court, CABARRUS County. Heard
in the Court of Appeals 18 March 1976.

This is a civil action wherein the petitioner, Jack E. Klass,
administrator c.t.a. of the estate of James L. Moore, is appeal-
ing an award to the respondent, Robert A. McClary, of $206.05
"court expenses" and $8,000.00 attorney's fee to be paid out

of the estate as part of the costs in a prior action, where respondent sought and was denied letters testamentary under the will of testator.

Testator died 19 December 1973, leaving a purported will dated 10 October 1965. His widow, Eloise T. Moore, filed a petition to have the purported will admitted to probate. In the petition the widow alleged that respondent, named as executor in the will, should not be allowed to serve as executor because of a conflict of interest. The paper writing was admitted to probate, and respondent filed an answer alleging that he was not subject to any conflict of interest. He also made formal application for issuance of letters testamentary. The Clerk found no conflict of interest, but the superior court reversed the Clerk's order, holding that the facts found by the Clerk established a conflict of interest and respondent should not be allowed to serve as executor. This court affirmed the decision of the superior court. *In re Moore*, 25 N.C. App. 36, 212 S.E. 2d 184 (1975), *cert. denied* 287 N.C. 259, 214 S.E. 2d 430 (1975).

Respondent then moved that $206.05 "court expenses" expended by respondent and a reasonable attorney's fee for respondent's attorney "be taxed as a part of the bill of costs" pursuant to G.S. 6-21. In support of his motion, he submitted an affidavit of his attorney listing the various types of services provided for respondent and stating that more than one hundred hours had been spent working on the case. The court allowed the $206.05 court expenses and an attorney's fee of $8,000.00 to be taxed as part of the costs. Petitioner appealed.

*Jordan, Wright, Nichols, Caffrey and Hill by Welch Jordan and G. Marlin Evans and Walser, Brinkley, Walser and McGirt by Gaither S. Walser for petitioner appellant.*

*Williams, Williford, Boger and Grady by John Hugh Williams for respondent appellee.*

HEDRICK, Judge.

In the order appealed from Judge Collier purported to act pursuant to the provisions of G.S. 6-21 in taxing the costs of the action. G.S. 6-21 in pertinent part provides:

> *"Costs allowed either party or apportioned in discretion of court.*—Costs in the following matters shall be

---

In re Moore

---

taxed against either party, or apportioned among the parties, in the discretion of the court:

    *    *    *

(2) Caveats to wills and any action or proceeding which may require the construction of any will or trust agreement, or fix the rights and duties of parties thereunder; provided, however, that in any caveat proceeding under this subdivision, if the court finds that the proceeding is without substantial merit, the court may disallow attorneys' fees for the attorneys for the caveators.

    *    *    *

The word 'costs' as the same appears and is used in this section shall be construed to include reasonable attorneys' fees in such amounts as the court shall in its discretion determine and allow; * * * "

Petitioner contends that a proceeding by one nominated to be executor under a will for the issuance to him of letters testamentary for which respondent seeks reimbursement of expenses including an attorney's fee does not come within the provisions of G.S. 6-21(2). We agree. Such an action is clearly not a caveat proceeding nor one requiring the construction of any will. Respondent contends, however, that it is a proceeding to "fix the rights and duties of parties thereunder."

Neither party has cited, nor are we able to find, any cases decided in North Carolina dealing directly with this question. The majority of other jurisdictions which have considered the question of taxing costs against the estate in a proceeding such as this have held that "no allowance will be made out of the estate for costs and attorneys' fees incurred in procuring letters of administration or in litigating the right to administer on the estate . . . . " Annot., 90 A.L.R. 101, 104 (1934). The reasoning behind such a rule—that an administration contest does not generally affect any interest of the estate but involves the personal interest of the executor in qualifying for and receiving the executor's commission, 90 A.L.R., supra at 102—offers guidance in determining whether G.S. 6-21(2) was meant to include a proceeding to contest appointment of an executor.

A person named under the will as executor has no duty to qualify as the executor. G.S. Chap. 28, Art. 3 (Repealed by Session Laws 1973, c. 1329, s. 1, effective 1 October 1975).

Respondent cannot be said to be litigating the rights and duties of executor as a party under the will in the very proceeding in which he is seeking to become the executor. Since the determination of the action will not affect the estate or any interest in the administration thereof but will only benefit respondent personally, it is not an action or proceeding involving the rights and duties of any party under the will. This is not a proceeding within the statutory language of G.S. 6-21.

In North Carolina, costs may be taxed solely on the basis of statutory authority. *City of Charlotte v. McNeely*, 281 N.C. 684, 190 S.E. 2d 179 (1972). Attorney's fees may be taxed as part of the costs only in actions as enumerated by statute. G.S. 6-21, 6-21.1, and 6-21.2; *Hoskins v. Hoskins*, 259 N.C. 704, 131 S.E. 2d 326 (1963); *Perkins v. Insurance Co.*, 4 N.C. App. 466, 167 S.E. 2d 93 (1969). Since the superior court acted without statutory authority, it was error to include an attorney's fee in the costs of the action.

With regard to the $206.05 "court expenses" incurred by respondent and taxed by the court as costs, although G.S. 6-20 allows the court in a proceeding such as this to tax costs in the discretion of the court, there is nothing in the order of the superior court indicating the nature of the court expenses which were allowed as costs. Without some finding as to the nature of the expenses, we are unable to review their validity. Accordingly, that portion of the order must also be vacated.

The order appealed from is vacated.

Vacated.

Judges MORRIS and ARNOLD concur.