Argued August 18, reversed and remanded September 26, reconsideration
denied November 2, 1977, petition for review denied January 17, 1978

## STATE OF OREGON, *Appellant,*
### *v.*
## LARRY MARTINDALE, *Respondent.*
## (No. 76-386-C, CA 8432)

569 P2d 659

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Ronald K. Cue, Ashland, argued the cause for respondent. On the brief were Thomas C. Howser and Cottle, Howser & Hampton, Ashland.

Before Schwab, Chief Judge, and Richardson and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

The state appeals from an order dismissing with prejudice a misdemeanor complaint charging defendant with assault in the third degree. The district court's order states:

"This matter having come before the court on April 1, 1977, the state and defense each having had an opportunity to be heard, the court makes the following findings of fact.

"1. That on or before the time scheduled for pretrial conference herein, Attorney for Defendant advised Attorney for the State that he was seeking a civil compromise. The State had no objection to that procedure.

"2. The court was advised by the parties that the matter would not be tried, and therefore removed the case from the docket with consent from both parties.

"3. After the time which had been set for trial had passed, the victim changed his mind and indicated that he would not sign a civil compromise agreement.

"4. No compromise agreement was executed.

"5. Defendant and his counsel had relied upon victim's statement of acceptance of a civil compromise, the state had no objection thereto, and the court relied upon counsels representation to that effect.

"6. After the time had passed for trial, the victim apparently consulted with an Attorney who advised him that he could obtain more money than agreed upon in a civil compromise.

"7. The settlement agreed upon was a fair and reasonable one.

"Based on the above and foregoing the court finds that the victim should not now be allowed to utilize the criminal justice system to obtain more money than he had agreed on, that his civil remedies are still available and that the interest of justice dictate a dismissal herein."

"Therefore, it is hereby ORDERED that this matter be dismissed."

The order was premised on ORS 135.755 which provides:

"The court may, either of its own motion or upon the

application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed; but in that case, the reasons of the dismissal shall be set forth in the order which shall be entered in the journal."

There are, however, two specific statutes dealing with civil compromise in a criminal case. ORS 135.703 provides:

"When a defendant is charged with a crime punishable as a misdemeanor for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised, as provided in ORS 135.705 * * *."

ORS 135.705 provides:

"If the party injured at any time before trial on an accusatory instrument for the crime, *acknowledges in writing that he has received satisfaction for the injury,* the court may, in its discretion, on payment of the costs and expenses incurred, order the accusatory instrument to be dismissed; but the order and the reasons therefor must be entered in the journal." (Emphasis added.)

There was no written acknowledgment by the person injured that he had received satisfaction for the injury. While ORS 135.755 affords a trial court broad discretion to dismiss a complaint, that statute must be read in context with ORS 135.703 and ORS 135.705 quoted above. The rule of statutory construction is that where there is a general and specific statute concerning the same subject, the specific controls. *State v. Pearson,* 250 Or 54, 440 P2d 229 (1968); *Colby v. Larson,* 208 Or 121, 297 P2d 1073, 299 P2d 1076 (1956); *Ricker v. Ricker, Administratrix,* 201 Or 416, 270 P2d 150 (1954).

The apparent legislative intent of ORS 135.705 is to carefully circumscribe at what point a trial court may exercise discretion because of a civil compromise between a defendant and a victim. The court is not to be a party to the negotiations between defendant and victim and cannot intervene in the case until the victim gives written acknowledgement of satisfaction. It is not an appropriate role and constitutes abuse of

discretion for a trial court to attempt to direct the terms of compromise or to dismiss a case because the court believes the injured party is seeking too much.

■ Our decision is consistent with *State v. Dumond,* 270 Or 854, 530 P2d 32 (1974). In that case the injured party had acknowledged in writing full payment of the amount stolen but refused to consent to a dismissal. The Supreme Court held that the injured party's consent was not required, reasoning that "the legislature did not intend to make compromise subject to the whim or caprice of the injured party." 270 Or at 858. In *Dumond* the injured party had acknowledged complete restitution. The only question that remained was whether public policy would be better served by proceeding with the prosecution or dismissing the case. The restituted victim should not have any standing to make that decision. At this stage it was a public policy question appropriate for the exercise of judicial discretion. However, the clear import of ORS 135.705 is that until the injured party gives written acknowledgement of satisfaction, the court does not have discretion to dismiss. Reading ORS 135.705 and 135.755 together, we hold that the discretion to dismiss under the latter is limited by the former.

Reversed and remanded.