COLLINS & AIKMAN PRODUCTS CO., FORMERLY COLLINS & AIKMAN CORPORATION, PLAINTIFF-APPELLANT v. THE HARTFORD ACCIDENT & INDEMNITY COMPANY, DEFENDANT-APPELLEE

No. COA96-288

(Filed 18 February 1997)

**Attorneys at Law § 64 (NCI4th); Insurance § 382 (NCI4th)— summary judgment—declaratory judgment action—attorney fees and expenses—not recoverable—litigation**

Plaintiff could not recover attorney's fees and expenses incurred in a declaratory judgment action in which the superior court found for defendant liability insurer, but the Court of Appeals reversed, holding that the policy covered punitive damages. Attorney's fees incurred by the insured, the non-breaching party, are not recoverable as damages where those fees are incurred in the course of litigation to determine coverage and compel the insurer to perform its duties.

**Am Jur 2d, Damages §§ 611, 615; Insurance §§ 1772, 1773.**

Appeal by plaintiff from order entered 29 January 1996 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 November 1996.

Beginning 1 March 1987, defendant Hartford issued a commercial umbrella policy designed to cover plaintiff Collins & Aikman Products Company until 1 March 1988. On 29 February 1988, the negligence of one of plaintiff's employees caused an automobile accident in which two other motorists were killed. As plaintiff's primary insurance carrier at that time, the Aetna Casualty and Surety Company ("Aetna") defended the ensuing legal action against plaintiff. At trial,

COLLINS & AIKMAN PRODUCTS CO. v. HARTFORD ACCIDENT & INDEM. CO.

[125 N.C. App. 412 (1997)]

the verdict against plaintiff included an award of punitive damages and the aggregate of the actual and punitive damages awarded was greater than the primary coverage provided by Aetna. Defendant Hartford Accident and Indemnity Company ("Hartford"), as the carrier providing excess coverage, denied that its policy included coverage for punitive damages.

Defendant Hartford filed a declaratory judgment action in United States District Court for the Southern District of New York to determine the question of coverage. The action was later stayed after the New York federal court agreed with plaintiff that this issue should be litigated in North Carolina. After a negotiated settlement with the decedents' estates, the parties remaining reserved their rights to resolve questions of liability and indemnity among themselves. Thereafter, plaintiff filed a declaratory judgment action on the issue of coverage in Mecklenburg County Superior Court. The Superior Court found for defendant Hartford, but this Court reversed, holding that the policy did cover punitive damages. *Collins & Aikman Corp. v. Hartford Acc. & Indem. Co.*, 106 N.C. App. 357, 416 S.E.2d 591 (1992), *aff'd*, 335 N.C. 91, 436 S.E.2d 243 (1993). Plaintiff then voluntarily dismissed its claims for damages arising from defendant's refusal to cover punitive damages.

On 4 October 1995, plaintiff filed a complaint against defendant Hartford seeking attorney's fees and expenses incurred in defending the New York action and in prosecuting the North Carolina declaratory judgment action and alleging that these fees were damages incurred because of defendant's breach. Plaintiff moved for summary judgment and defendant moved to dismiss. The trial court granted summary judgment for defendant after converting defendant's motion to dismiss into a motion for summary judgment.

Plaintiff appeals.

*Parker, Poe, Adams & Bernstein, L.L.P., by Irvin W. Hankins, III, and Josephine H. Hicks, for plaintiff-appellant.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Ronald C. Dilthey and Charles George, for defendant-appellee.*

EAGLES, Judge.

The dispositive issue here is whether attorney's fees may be awarded as damages for an insurer's breach of its duty to indemnify. Plaintiff cites our Supreme Court's decision in *Jamestown Mut. Ins.*

*Co. v. Nationwide Mut. Ins. Co.*, 277 N.C. 216, 219, 176 S.E.2d 751, 754 (1970), in support of its argument that attorney's fees and litigation expenses are awardable as damages in insurance coverage disputes. After careful consideration of the records and briefs, we disagree.

While the Supreme Court in *Jamestown* did allow attorney's fees to be awarded as damages, it did so only because the insurer there breached its duty to defend rather than its duty to indemnify. *Id.* *Jamestown* is consistent with the general rule that the victorious party's attorney's fees are not recoverable except in instances (1) where the breached insurance contract was one for legal services or, in other words, a contract creating a duty to defend, (2) where the insurer acted in bad faith in denying coverage, or (3) where otherwise authorized by contract or statute. *Perkins v. American Mut. Fire Ins. Co.*, 4 N.C. App. 466, 467-68, 167 S.E.2d 93, 94-95 (1969). Under both *Jamestown* and *Perkins*, attorney's fees are awardable only in an amount equal to the value of the legal defense denied to the insured because of the insurer's breach. The *Jamestown* decision does not stand for the proposition that attorney's fees may be awarded as damages where the fees sought are those incurred by the insured while litigating the issue of coverage and alleging that the insurer breached its duty to defend.

We note that a typical primary insurance contract imposes two principal duties on the insurer in exchange for the premiums paid by the insured: (1) a duty to indemnify the insured, within policy limits, for the amount of any judgment awarded against the insured; and (2) a duty to provide legal services in defense of a claim against the insured. Unlike the situation where the insurer breaches only its duty to indemnify, a breach of an insurer's duty to defend generally forces the insured himself to bear the full financial burden of asserting his own legal defense. In this respect a primary insurance contract creating a duty to defend is, in effect, a contingent, fixed-price contract for legal services. In order to make "whole" the non-breaching party (the insured in cases where coverage is found), the value of the legal defense contracted for by the insured must be awarded as damages, with those damages measurable in attorney's fees.

This reading of the Supreme Court's decision in *Jamestown* neither conflicts with nor erodes the general rule as previously articulated by this Court. *See Perkins*, 4 N.C. App. at 467-68, 167 S.E.2d at 94-95. In *Perkins* we reviewed an order of the trial court denying

recovery of attorney's fees in a coverage action either as a component of costs or as an element of damages. *Id.* Affirming the trial court's refusal to award fees as either damages or costs, the *Perkins* court stated:

> The general rule is that, in the absence of any contractual or statutory liability therefor, attorney fees and expenses of litigation incurred by the plaintiff or which plaintiff is obligated to pay in the litigation of his claim against the defendant, are not recoverable as an item of damages, either in a contract or a tort action.

*Id.* This general rule continues in effect today with regard to coverage litigation.

We hold that attorney's fees incurred by the insured (the non-breaching party here) are not recoverable as damages where those fees are incurred in the course of litigation to determine coverage and compel the insurer to perform its duties. Our decision today does not hold that an insured's attorney's fees can never be recovered in coverage litigation. Attorney's fees clearly can be recovered in situations, for example, where an insurer acts in bad faith in denying coverage or where recovery of fees is otherwise authorized by contract or statute.

Finally, we note also that we have long recognized that the rules governing insurance contracts at times vary from those governing more conventional contractual situations. In insurance contracts, we encounter the disparity in bargaining power and sophistication of parties that is often reflected in adhesion contracts. With this in mind we note that were *Perkins* not the law of North Carolina, we might well reach a different result. We need not address plaintiff's remaining assignments of error.

Affirmed.

Chief Judge ARNOLD and Judge MARTIN, Mark D., concur.