Argued and submitted October 17, affirmed December 8, 1980,
reconsideration denied January 22,
petition for review denied March 17, 1981 (290 Or 651)

HOFFMAN,
*Petitioner,*
*v.*
DuPONT,
*Respondent.*

(LUBA No. 79-013, CA 18180)

621 P2d 63

Sid Brockley, Madras, argued the cause for petitioner. With him on the brief was Paul F. Sumner, Madras.

Paul J. Speck, Bend, argued the cause for respondent. With him on the brief was Forcum, West and Speck, Bend.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is an appeal from the Land Use Board of Appeals (LUBA) challenging LUBA's authority to consider respondent's appeal from the Jefferson County Commission, on the ground that respondent's notice of intent to appeal to LUBA was not filed within the statutorily required 30 days. Petitioner also contends LUBA erred in remanding for *de novo* review before the County Commission and in requiring the County Commission to consider matters not raised by petitioner in his appeal from the county planning commission.

In April, 1979, the county planning commission approved petitioner's application for the creation of a subdivision, but it required that ten feet of the property owned by respondent be purchased by petitioner and then dedicated to the county for road purposes, and it denied petitioner's request for exception of the county's cul-de-sac minimum length requirement. Petitioner appealed the planning Commission's decision to the Jefferson County Commission. The County Commission approved the planning commission's decision on one of the following dates: October 3, 1979, October 12, 1979 or October 16, 1979.[1]

Respondent filed his notice of intent to appeal with LUBA on November 29, 1979. Petitioner argues respondent was required under the statutory language to file his appeal within 30 days from the date of the County Commission's decision. Oregon Laws 1979, chapter 772, section 4(4) states: "A notice of intent to appeal a land use decision shall be filed not later than 30 days after the date the decision sought to be reviewed becomes final." However, the legislative enactment containing that language and creating LUBA did not become effective until November 1, 1979.

Section 29 of the 1979 Act provides:

---

[1] An entry in the county court journal indicates Commission approval on October 3, 1979 based upon findings of the planning commission of March 21, 1979; a letter from the planning director for Jefferson County dated October 12, 1979 indicates Commission approval at some unspecified date; petitioner contends the approval became "final" on October 16, 1979 for some unspecified reason.

> "The provisions of sections 1 to 8 and 11 and 12 of this Act first apply to petitions for review of land use decisions to be filed on or after November 1, 1979. Any petition before the Land Conservation and Development Commission or any circuit court still pending on November 1, 1979, shall be finally determined by the commission or the court in the manner provided in ORS 34.010 to 34.100, 197.300 to 197.315 before the effective date of this Act [November 1, 1979]."

Under this provision respondent might have filed an appeal with the Land Conservation and Development Commission under former ORS 197.300 "not later than 60 days after the date of the final adoption or approval * * *" of the subdivision plan, but he would have had only until October 31, 1979, to do so because after November 1, 1979, all appeals were required to be filed with LUBA. Moreover, under ORS 34.030 respondent had 60 days in which to seek a writ of review in the circuit court. Respondent cannot be held responsible for failure to file with the LCDC or the circuit court before November 1, 1979, when the then applicable law allowed him 60 days to file. Nor could the time for filing with LUBA begin to run until LUBA in fact came into existence on November 1, 1979, and the statutory language setting out the procedures for appealing to LUBA became effective.

■      The statute makes no provision for the situation presented here. The Supreme Court said in *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972):

> "* * * [I]n the absence of an indication to the contrary, legislative acts should not be construed in a manner which changes legal rights and responsibilities arising out of transactions which occur prior to the passage of such acts." 261 Or at 551-52.

*See also Held v. Product Manufacturing Company,* 286 Or 67, 592 P2d 1005 (1979); *Wich v. SAIF,* 37 Or App 285, 587 P2d 477 (1978). Prior to the effective date of the 1979 Act, and at the time the County Commission issued its decision, respondent had 60 days to file an appeal. We hold that where, as here, the legislature failed to provide specifically for this situation, respondent's legal right can only be preserved by allowing him 60 days to appeal. Respondent timely filed his appeal to LUBA.

■ Petitioner's other assignments of error concern the nature of the hearing before the County Commission, *i.e.,* whether the Commission was required to conduct a *de novo* hearing and whether it could consider any matter other than the two issues appealed by the petitioner to the County Commission. Petitioner is wrong in both contentions.

Petitioner relies on Jefferson County Ordinance, R-35-77, section 308 E which states:

"If the subdivider is dissatisfied with any action of the planning commission with respect to the tentative subdivision plan, he may, within ten (10) days of such action, appeal the action of the planning commission to the county court. An appeal shall be filed with the county court in writing and shall state specifically wherein it is claimed there was an error or abuse of discretion by the planning commission. The county court shall give notice to the subdivider and the planning commission of the date when the appeal of the subdivider is to be heard. At its next regular meeting, *the county court shall review the action of the planning commission and the written appeal of the subdivider* and shall report its action to the subdivider and to the planning commission in writing. When an appeal is filed and heard by the county court, such hearing shall constitute meeting the requirements of review and action by the county court as prescribed in Paragraph D of this section." (Emphasis supplied).[2]

LUBA interpreted the language of 308E to require a complete review of the subdivision by the Commission. LUBA's opinion and order states in pertinent part:

"* * * The filing of an appeal under 308(E) stays the review of the court until the 'hearing.' The (Commission)

---

[2] Section 308D states:

"Within five (5) days after the date of the planning commission's action, the planning director shall transmit the complete record of its review and action to the county court. Upon receipt of the record, the county court may review the decision of the planning commission. The county court may affirm, reverse or modify the decision of the planning commission provided that such decision is not in conflict with the provisions and intent of this ordinance. Unless notified within twenty-one (21) days, the decision of the planning commission shall be affirmed."

LUBA interpreted 308D to provide that no subdivision action by the planning commission is final until the Commission reviews it or the 21 days have passed.

'shall,' at the time of the 'hearing' on the specific issues raised by the subdivider, conduct its own 'review' of the planning commission action. The procedure has the effect of suspending a final decision on the subdivision until after the county (Commission) determination. The petition for review to us, then, is based on that final decision by the county (Commission).

"As noted above, respondent urges us to consider on review only those issues raised by the subdivider in his appeal to the county (Commission). To accept that position is to foreclose a complete review of the subdivision. We decline to do so because of our analysis of the procedure used in the ordinance to arrive at a final determination on the subdivision application.

"\* \* \* \* \*

"We conclude the county (Commission) conducted a *de novo* review of the subdivision approval.[1] As a review of the whole approval was made, findings must reflect all required considerations including statewide land use goals."

---

"1

We note in support of our conclusion that the record shows no attempt to limit the scope of review whether in the notices of the pending county (Commission) hearings or in the conduct of the hearings. In addition, the county (Commission) journal entry recites that the approval of the subdivision was based on the 'findings adopted by planning commission.' There is no note in the journal entry to suggest that the planning commission action was simply modified by the removal of conditions based on a review only of the conditions."

There are no written findings whatsoever to support the County Commission's decision. The journal entry states:

"[Commission] discussed Mt. Jefferson Subdivision, and approved it based on findings adopted by planning commission dated March 21, 1979."

The only "findings" adopted by the planning commission were the following:

"1. The proposed subdivision is in substantial compliance with the comprehensive Plan and Zoning Ordinance of 1973. The County explicitly acknowledges the need for housing of various types, and subdivisions are an accepted contribution to the meeting of this need.

"2.   It is presently county policy to place development on unirrigated land, this proposal is in compliance with that policy.

"The proposal is also in an area which can, with proper conditions being placed and met, be adequately serviced by roads and other public facilities. Further, it is in an area which is potentially set aside for rural residential development in the new comprehensive plan proposal. This designation is based on the character of the land, the proximity to exisitng [sic] development and the need for housing in the Madras area.

"It is recognized that services in the area are presently unable to absorb the addition of this development without up grading which will be by agreement between the County and the applicant.

"3.   The burden of proof in this matter does not involve the need for housing in general. This need is acknowledged. The applicant must show that this propsal [sic] best meets the need. Staff leaves this determination to the Planning Commission after the hearing process.

"4.   The applicant has followed all procedures prescribed in conjunction with the Planning Department.

"*STAFF RECOMMENDATIONS:*

"Staff recommends approval of the concept of a subdivision in this area. There are, however several problems with the plat as presented. These will be raised in discussion here, and will be resolved at the County Court level if the Commission recommends favorably on this proposal."

█ █   If the County Commission adopts the findings of the planning commission as its own and incorporates those findings in its decision, as the County Commission seemed to attempt to do here, those findings must be adequate to afford sufficient review. The "findings" of the planning commission are clearly inadequate for that purpose. The statement itself specifically leaves open questions for the County Commission to decide.

We hold that the requirement of adequate findings sufficient for review is the same in an appeal to LUBA as it was when the appeal procedure was by way of writ of review. A complete review of the subdivision proposal must be made at the local level to determine if it meets the state land use goals and if it is in compliance with the County's own comprehensive plan, *Alexanderson v. Polk County*

*Commissioners,* 289 Or 427, 616 P2d 459 (1980); *Meeker v. Board of Commissioners,* 287 Or 665, 601 P2d 804 (1979); *Sunnyside Neighborhood League v. Clackamas County Commission,* 280 Or 3, 569 P2d 1063 (1977); *1000 Friends v. Benton County,* 32 Or App 413, 575 P2d 651 (1978); *Commonwealth Properties v. Washington County,* 35 Or App 387, 582 P2d 1384 (1978), and the local governing body must make its own findings of fact and an order, *Heilman v. City of Roseburg,* 39 Or App 71, 591 P2d 590 (1979), sufficient for review. *Sunnyside, supra; Bienz v. City of Dayton,* 29 Or App 761, 566 P2d 904 (1977). We affirm LUBA's remand to the County Commission for this purpose.

Affirmed.