Argued and submitted September 26, 1980,
affirmed April 6, 1981

# CITY OF PENDLETON et al,
## *Petitioners,*
### *v.*
# LAND USE BOARD OF APPEALS et al,
## *Respondents.*

### (No. 79-001, CA 17337)

626 P2d 388

Dana A. Anderson, Pendleton, argued the cause and filed the brief for petitioner City of Pendleton.

William J. Storie, Pendleton, argued the cause for petitioner Fredrick Hill. On the brief were David D. Gallaher, and Storie & Gallaher, Pendleton.

E. Walter Van Valkenburg, Portland, argued the cause for respondents Kerns, Levy & Corey. With him on the brief were Stephen T. Janik, and Stoel, Rives, Boley, Fraser & Wyse, Portland.

Al J. Laue, Assistant Attorney General, Salem, waived appearance for respondent Land Use Board of Appeals.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

This is an appeal by Fredrick Hill and the City of Pendleton (City) for review of the final order of the Land Use Board of Appeals (LUBA) which reversed the City's annexation and zoning decisions. These were final decisions concerning the application of the City of Pendleton Comprehensive Plan. Or Laws 1979, ch 772, § 3.

LUBA found that the real property involved, except for one lot, was owned at the time of the annexation proceeding by petitioner Hill and his wife. The other lot was owned by Pacific Northwest Bell. It conveyed the lot to the Hills on November 15, 1979, ten days after the notice of intent to appeal was filed by respondents Kerns, Levy and Corey.

Mr. and Mrs. Hill requested annexation of their property in the original proceeding before the City. Pacific Northwest Bell consented to the annexation. Petitioner Hill testified in support of annexation of the property by the City. Mrs. Hill did not testify, nor did Pacific Northwest Bell present evidence in that proceeding. Mr. William Storie appeared and stated that he was attorney for both Hills.

The City annexed the property on September 4, 1979, and zoned it R-1 low density residential on September 18, 1979. Respondents Kerns, Levy and Corey filed a notice of intent to appeal on November 5, 1979, the Monday following the 60th day after the City's annexation decision became final and less than 60 days after the zoning decision became final. Notice was served on the City, and also on Storie, the Hills' attorney. The City filed three motions in the LUBA proceeding which raised the issues before us on appeal. The Hills filed no motions, nor did they join in the City's motions before LUBA. Mr. Storie filed a statement of intent to participate in the LUBA proceeding signed by both of the Hills.

The City moved to dismiss the appeal to LUBA on the ground that the notice of intent to appeal was not timely filed because the statute creating LUBA required that the appeal had to be perfected in 30 days, not 60 days as required previously.[1] The City also moved to dismiss on

---

[1] LUBA was created on November 1, 1979, more than 30 days after the City's decisions were rendered.

the ground that LUBA was without jurisdiction because there has been no service of the notice of intent to appeal on Pacific Northwest Bell or Mrs. Hill, contrary to rule 4(C) of LUBA's temporary Rules of Procedure[2] and Or Laws 1979, ch 772, § 4(4).[3]

LUBA concluded that the notice of intent to appeal was timely filed. It also found that service of the notice of intent to appeal on Pacific Northwest Bell was not required

---

[2] Section 4(C) of LUBA's temporary Rules of Procedure provided:

"The Notice must be filed with the Board and served on the governing body, the governing body's legal counsel, and all persons identified in the Notice as required by Section 4(A)(6) of these rules within 30 days from the date of the land use decision."

Section 4(A)(6) of LUBA's temporary Rules of Procedure stated:

"(6) The name, address and telephone number of each of the following:

"(a) The petitioner, except that if the petitioner is represented by an attorney, then the petitioner's address and telephone number may be deleted and the name, address and telephone number of the attorney shall be included;

"(b) The applicant, if any (if other than the petitioner), except that if the applicant was represented by an attorney before the governing body, then the applicant's address and telephone number may be deleted and the name, address and telephone number of the applicant's attorney of record shall be included;

"(c) The governing body and the governing body's legal counsel;

"(d) Any other person whom was designated as a party by the governing body and entitled as of right to written notice of the land use decision for which review is sought."

Subsequent to the hearing before LUBA, LUBA adopted its permanent Rules of Procedure. *Compare,* OAR 661-10-015, § 1(f)(D) which provides:

"Any other person whom the governing body's records indicate was mailed written notice of the land use decision for which review is sought."

[3] Or Laws 1979, ch 772, § 4(4) provides:

"A notice of intent to appeal a land use decision shall be filed not later than 30 days after the date the decision sought to be reviewed becomes final. Copies of the notice shall be served upon the city, county or special district governing body or state agency and the applicant of record, if any, in the city, county or special district governing body or state agency proceeding. The notice shall be served and filed in the form and manner prescribed by rule of the board and shall be accompanied by a filing fee of $50 and a deposit for costs of $150. In the event a petition for review is not filed with the board as required in subsection (6) of this section, then the filing fee and deposit shall be awarded to the city, county, special district or state agency as cost of preparation of the record."

because Pacific Northwest Bell "did not appear or participate in any of the proceedings," and concluded that it was not an applicant of record within the meaning of Or Laws 1979, ch 772, § 4(4). In addition, LUBA concluded that any technical violation of LUBA's temporary Rules of Procedure did not affect a substantial right of Pacific Northwest Bell.

LUBA concluded further that both petitioner Hill and Mrs. Hill were applicants of record. It found that although Mrs. Hill was not specifically named in the notice of intent to appeal, she was represented by petitioner's attorney and the attorney was served with a copy of the notice. The attorney filed a statement of intent to participate in the LUBA proceedings on behalf of, and signed by, both Hills. LUBA concluded, therefore, that the failure to name Mrs. Hill in the notice was also merely a technical oversight and did not affect her appeal rights.

■       The first issue regarding the timeliness of the filing with LUBA of the notice of intent to appeal has been addressed in *Hoffman v. DuPont,* 49 Or App 699, 621 P2d 63 (1980), and the issue was resolved against petitioners' position. We conclude, therefore, that the notice of intent to appeal was timely filed.

■       In the case at hand, assuming that Mrs. Hill was an applicant of record, as LUBA found, the necessary service of the notice was made on her through her attorney. Or Laws 1979, ch 772, § 4(4) requires that service of the notice of intent to appeal be served on an applicant of record "in the form and manner prescribed by rule of the board * * * ." Section 4(C) and 4(A)(6) of LUBA's temporary Rules of Procedure, construed together, provide for service upon an applicant by serving the applicant's attorney. Furthermore, her appearance in the proceedings by joining in the statement of intent to participate obviated any need to serve her personally.

■       Whether Pacific Northwest Bell was an applicant of record and had to be served is a more difficult question. The term "applicant of record" is not defined by statute. LUBA, however, defined "applicant" in its temporary Rules of Procedure, § 3(A) to mean "the person who applied to the

governing body for authorization for a particular land use activity."[4] From this definition, LUBA reasoned that:

"In tying 'applicant' to 'a particular land use activity' the definition appears to be limited to those situations in which a person applies for a permit of some kind, such as a conditional use permit, a variance permit or a building permit.

"Whether 'applicant of record' was intended by the legislature to be drawn so narrowly as to only include those persons who apply for authorization 'for a particular land use activity,' such as building permit or conditional use permit, we need not decide in this case. Even if the term 'applicant of record' was intended by the legislature to include one who applies for an annexation of property to a city, it would be unwarranted to extend that definition to all those who merely give their consent to the annexation for the sole purpose of meeting the requirements of 'triple majority consent' provisions in ORS 221.170. * * * One who merely consents, therefore, is far different from the one or more individuals who may be the moving force behind an annexation. Such individual or individuals would be those who initiate the annexation at the local level, secure and circulate the necessary forms for obtaining signature, pay the necessary filing fees and actively pursue the annexation through the local governing body's proceedings."

Pacific Northwest Bell did not join with the Hills in requesting annexation of the property to the City; it merely consented to the annexation. To have acquiesced is not the same as having been an applicant of record. Pacific Northwest Bell paid no filing fee and did not appear or produce evidence in any proceeding. We hold, therefore, that LUBA did not err in concluding that Pacific Northwest Bell was not an applicant of record and service on it of the notice of intent to appeal was not necessary for LUBA to acquire jurisdiction of this matter.

Petitioner Hill also contends that respondent's failure to comply with LUBA's temporary Rules of Procedure

---

[4] LUBA's temporary Rules of Procedure which were applicable at the time of this proceeding have subsequently been revised. *See* OAR 661-10-010, section (1), which provides:

"'Applicant' is the person identified by the governing body as having applied for authorization for a particular land use activity or having requested that the governing body take some action which resulted in a land use decision."

deprives LUBA of jurisdiction over this proceeding. We do not agree that LUBA's Rules of Procedure, promulgated pursuant to Or Laws 1979, ch 772, § 2a(4), have the same jurisdictional import as Or Laws 1979, ch 772, § 4(4). The legislature has determined the limits of LUBA's subject matter jurisdiction. The statutory requirement of service on an applicant of record is jurisdictional. LUBA, on the other hand, is merely authorized by the legislature to promulgate rules governing the conduct of its proceedings, not to define its own jurisdiction.

Having discussed the relation of LUBA rules to the statute, we turn to the question of whether LUBA properly applied its rule. LUBA concluded that Pacific Northwest Bell was a "party" and as such was entitled under its rules to be served with a copy of the notice of intent to appeal. LUBA further found that Pacific Northwest Bell's rights were not prejudiced by failure to serve it.

■ ■ A party raising the issue of a violation of LUBA rules must have been injured by the alleged violation. Pacific Northwest Bell would be a proper party to allege a violation of a LUBA rule for want of service upon it of the notice of intent to appeal and to claim that LUBA lacked personal jurisdiction over it.[5] Petitioner Hill is not. There is no merit, therefore, to petitioner Hill's contention that a violation of LUBA's temporary Rules of Procedure deprives LUBA of subject matter jurisdiction.

Affirmed.

---

[5] Service on Pacific Northwest Bell also may have been necessary to comply with due process requirements. That issue, however, could only be raised by Pacific Northwest Bell, not by petitioner Hill. *Compare, Shanks v. Washington County, supra,* 22 Or App at 428.