Submitted on record and briefs February 5, judgment against Jonathan Gehrig reversed June 5, 1991

# DOMINION BANK N.A.,
*Respondent,*

*v.*

# Jonathan G. GEHRIG,
*Appellant,*

*and*

# Cynthia S. GEHRIG,
*Defendant.*

(89-0595-C; CA A66075)

812 P2d 436

Jonathan G. Gehrig, Glendale, *pro se,* filed the brief for appellant.

Karen Saul Stayer and Valerie T. Auerbach, Portland, filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant Jonathan Gehrig[1] appeals from the district court's entry of judgment for plaintiff in this action for the collection of a deficiency owing after the sale of a repossessed car. The question is whether this action was timely filed. The trial court held that it was, granted plaintiff's motion for summary judgment and denied defendant's similar motion.

The facts are not disputed. Defendants signed a "Lease Contract" under which they agreed to lease the car from Jim Sigel Chevrolet (Sigel) on November 9, 1984. The agreement provided that defendants would make 48 monthly payments of $232.33, totalling $11,150.84, and that, at the end of the lease term, they would have the option to purchase the car for $5,800. Sigel was referred to as the owner and retained title to the vehicle. Above the signature of "lessee" are the words "Retail Instalment Contract." The agreement also provided that, if defendants failed to make the payments, the owner could repossess the car, keep all payments that defendants had made, sell the car and keep the proceeds and also collect all unpaid rental, the option purchase price and the costs of repossession, less the amount that the owner received on resale of the car.[2] Sigel assigned its interest in the agreement to plaintiff. On March 14, 1988, plaintiff repossessed the car and then brought this action to recover the deficiency, the costs of repossession, the option price and attorney fees.

■    Defendant claims that the agreement is a retail instalment contract, as defined in *former* ORS 83.510(1), and that this action is, therefore, barred by the Statute of Limitation applicable to such contracts. ORS 83.830.[3] Plaintiff

---

[1] Separate judgments were entered against defendants Jonathan Gehrig and Cynthia Gehrig. The judgment against Cynthia was entered by default, and only Jonathan appeals. We refer to him as defendant.

[2] The agreement also provided that it was to be governed by the laws of the Commonwealth of Virginia. Plaintiff makes no argument on that point.

[3] With respect to actions to collect a deficiency after the sale of a repossessed vehicle that was the subject of a retail instalment contract, ORS 83.830(1)(b)(B) provides, in part, that

"the action must be commenced not later than 180 days after the seller repossessed or voluntarily accepted surrender of the goods or motor vehicles, or

contends that the agreement is a true lease and that it is subject to the general six-year Statute of Limitation for contracts. ORS 12.080.[4]

When the agreement was signed, *former* ORS 83.510(1) provided, in part:

> " 'Retail instalment contract' or 'contract' means an agreement, entered into in this state, pursuant to which the title to, the property in or a lien upon a motor vehicle, which is the subject matter of a retail instalment sale, is retained or taken by a retail seller from a retail buyer as security, in whole or in part, for the buyer's obligation. The term includes * * * a contract for the * * * leasing of a motor vehicle by which the * * * lessee contracts to pay as compensation for its use a sum substantially equivalent to or in excess of its value and by which it is agreed that the * * * lessee is bound to become, or has the option of becoming, the owner of the motor vehicle upon full compliance with the terms of the contract."

There is no contention that the agreement here does not fit that definition of a retail instalment contract. Plaintiff's only argument on appeal is that the statute was ambiguous, because it did not state whether it applied only to contracts in which the lessee had the option to become the owner at the end of the lease term *without further payments* or whether it also applied to contracts under which the lessee had the option to purchase the vehicle at the end of the lease term *for payment of more than nominal consideration.* It contends that a 1987 amendment to the statute was intended to cure that alleged ambiguity, that it shows that the statute was not intended to apply to the second type of contract and that the amendment was intended to apply retroactively.[5]

---

within 75 days after the seller sells or otherwise disposes of the goods or motor vehicles, whichever is earlier."

[4] ORS 12.080(1) provides:

"(1)  An action upon a contract or liability, express or implied, * * *

"* * * * *

"shall be commenced within six years."

[5] As amended in 1987, ORS 83.510(10) provides:

" 'Retail instalment contract' or 'contract' means an agreement, entered into in this state, pursuant to which the title to, the property in or a lien upon a motor vehicle, which is the subject matter of a retail instalment sale, is retained or

■ We agree that, as it read at the relevant time, the statute included both of the situations described by plaintiff; however, we do not agree that that rendered the statute ambiguous. The statute was clear and capable of being applied as written, despite a later legislative decision to narrow its scope. When it amended the statute, the legislature did not express its intention that the amendment apply retroactively, and it does not. *Held v. Product Manufacturing Company,* 286 Or 67, 71, 592 P2d 1005 (1979). We conclude that the agreement is a retail instalment contract as defined in *former* ORS 83.510(1); therefore, that this action is barred by ORS 83.830.

Judgment against Jonathan Gehrig reversed.

---

·taken by a retail seller from a retail buyer as security, in whole or in part, for the buyer's obligation. The term includes * * * a contract for the * * * leasing of a motor vehicle by which the * * * lessee contracts to pay as compensation for its use a sum substantially equivalent to or in excess of its value and by which it is agreed that the * * * lessee is bound to become, or *for no other or for a merely nominal consideration* has the option of becoming, the owner of the motor vehicle upon full compliance with the terms of the contract." (Emphasized language added by amendment.)