Argued and submitted April 1, 1996, reversed and remanded for further
proceedings March 5, 1997

C. Joe ANDERSON
and David Morganstern,
*Plaintiffs,*
*and*

Jack W. BERKEY,
Raymond E. Brady, M. E. Bonime, Anthony J. Cortese,
Stephen A. Gimbol, Douglas C. Jensen, Roland H. Jensen,
Ronald B. Kirkpatrick, Michael L. Klein,
William E. Moore, Michael J. Noonan, Donald E. Petersen,
Rick Policar, James L. Ponti and Ronald E. Holcolm,
*Appellants,*

*v.*

John J. CARDEN,
CGKR Investment Capital Corp., Steven Cooper,
David Hackett, Personal Representative of the Estate of
Bruce A. Kamhoot and John Does I through X,
*Defendants,*
*and*

Leonard DuBOFF,
Michael Redden, Redden & McGaughey, Yergen & Meyer,
Robert L. Vaught and B. L. Hilderbrand,
*Respondents.*

(9105-02998; CA A75835 (Control))

William GRAHAM,
*Appellant,*

*v.*

John J. CARDEN,
CGKR Investment Capital Corp., Steven Cooper,
David Hackett, Personal Representative of the Estate of
Bruce A. Kamhoot and John Does I through X,
*Defendants,*
*and*

Leonard DuBOFF,
Michael Redden, Redden & McGaughey, Yergen & Meyer,
Robert L. Vaught and B. L. Hilderbrand,
*Respondents.*

(9105-03051; CA A75864)

934 P2d 562

John W. Stephens argued the cause for appellants. With him on the briefs was Esler, Stephens & Buckley.

Joseph C. Arellano argued the cause for respondents Leonard DuBoff, Michael Redden and Redden & McGaughey. With him on the brief was Kennedy, King & Zimmer.

John R. Barker argued the cause for respondent Yergen & Meyer. With him on the brief were Margaret B. Oslund and Bittner & Barker, P.C.

Gregory P. Lynch argued the cause for respondent B. L. Hilderbrand. With him on the brief were William J. Storie and Holmes Hurley Bryant Lovlien & Lynch.

Steven R. Evans filed the brief for respondent Robert L. Vaught.

Before Riggs, Presiding Judge, and Landau, Judge, and Buttler, Senior Judge.

LANDAU, J.

Buttler, S. J., dissenting.

## LANDAU, J.

Plaintiffs initiated this action for securities fraud arising out of their purchase of limited partnership interests in 1983. Defendants[1] moved for summary judgment on the ground that the matter is governed by a three-year statute of limitations. Plaintiffs responded that their action was timely brought under a different statute of limitations, which allows them to bring the action within two years of discovery of defendants' conduct. Defendants replied that, even if the alternative statute of limitations applies, plaintiffs did not bring their action within two years of discovery. The trial court concluded that this matter is subject to a three-year statute of limitations and, on that ground, entered summary judgment for defendants. The trial court expressly did not address the parties' other arguments. We conclude that the trial court erred, that the matter is subject to the statute of limitations requiring initiation of the action within two years of discovery and that the matter must be remanded for consideration of the parties' arguments as to the timeliness of the filing under that statute of limitations.

Plaintiffs allege that they purchased securities in a single private placement in 1983. They allege that a number of untrue statements of material fact and omissions of material facts were made in connection with the sale of the securities. The nature of those alleged misstatements and omissions is not pertinent to the disposition of this appeal. Plaintiffs allege that defendants participated or materially aided in the sale of the securities by preparing, among other things, the offering memorandum and supporting documentation, a tax opinion letter, projections and appraisals. Plaintiffs allege that they first discovered the nature of the misstatements and omissions in April 1991 and that they had no reason to know of those facts before that time.

---

[1] The defendants named in the complaint include the sellers of the securities and nonsellers who allegedly participated or materially aided in the sale. The nonseller defendants Leonard DuBoff, Michael Redden, Redden & McGaughey, Yergen & Meyer, Robert L. Vaught and B. L. Hilderbrand are the only defendants on appeal. When we refer to "defendants" in this opinion, we refer only to those parties, not the sellers.

Plaintiffs allege that the sellers violated ORS 59.135. That statute provides, in relevant part:

"It is unlawful for any person, directly or indirectly, in connection with the purchase or sale of any security or the conduct of a securities business or for any person who receives any consideration from another person primarily for advising the other person as to the value of securities or their purchase or sale, whether through the issuance of analyses or reports or otherwise:

"(1) To employ any device, scheme or artifice to defraud;

"(2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading;

"(3) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person[.]"

Plaintiffs further allege that defendants participated and materially aided in the sale and are therefore liable under ORS 59.115(3). That statute provides, again in relevant part:

"[E]very person who participates or materially aids in the sale is also liable jointly and severally with and to the same extent as the seller[.]"

Defendants moved for summary judgment on the basis of ORS 59.115(6) (1985),[2] which generally describes the statute of limitations for civil actions for damages based on violations of the Oregon securities laws:

"No action or suit may be commenced under this section more than three years after the sale except an action for a violation of ORS 59.135, which may be commenced within three years after the sale or two years after the person bringing the action discovered or should have discovered the facts on which the violation of ORS 59.135 is based,

---

[2] The statute was amended in 1987, changing the application of the discovery limitation from actions "for violation of ORS 59.135" to actions "for a violation of *subsection (1)(b) of this section* or ORS 59.135." The amendment became effective three years after the plaintiffs purchased the securities that are at issue in this case and therefore is not applicable. *Nichols v. Wilbur*, 256 Or 418, 419-20, 473 P2d 1022 (1970).

whichever is later. Failure to commence an action on a timely basis is an affirmative defense."

According to defendants, the general rule that securities claims are subject to a three-year statute of limitations is subject to one exception, namely, actions brought under ORS 59.135. Plaintiffs' complaint, they argued, states a claim against the sellers for violating ORS 59.135 but against the nonseller defendants for violating ORS 59.115(3) only. Because actions brought for violations of that statute are not within one of the two exceptions to the general three-year statute of limitations, defendants concluded, the complaint is time-barred.

Plaintiffs argued that they have, in fact, brought an action "under this section for violation of ORS 59.135." According to plaintiffs, the basis of their claim against defendants "is their alleged liability under ORS 59.115(3) for having materially aided or participated in the sale of securities *in violation of ORS 59.135*." (Emphasis in original.)

Defendants argued in the alternative that, even if the exception for actions brought for violations of ORS 59.135 applies, plaintiffs' action still is untimely, because the undisputed evidence conclusively demonstrates that plaintiffs knew or should have known of the misstatements or omissions on which their action is based more than two years before filing the complaint. Plaintiffs disputed the evidence as to that argument.

The trial court agreed with defendants that the complaint was untimely filed, because the three-year statute of limitations applies. On appeal, plaintiffs assign error to the trial court's ruling. Defendants contend that the trial court was correct and, in any event, should be affirmed on the alternative ground that the action was not timely commenced even under the alternative statute of limitations.

The appeal turns on the proper interpretation of ORS 59.115(6) (1985), which sets forth the applicable statute of limitations. We attempt to construe the statute in accordance with the intention of the legislature, looking to the text of the statute in its context and, if necessary, to its history and to other interpretive aids. *PGE v. Bureau of Labor and*

*Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993). The context of the statute includes other statutes on the same general subject and case law construing the relevant statutes. *Id.*

The text of ORS 59.115(6) (1985) unambiguously establishes a three-year limitation period, subject to two exceptions, for "[a]n action for violation of ORS 59.135." Accordingly, whether plaintiffs' action is subject to the alternative limitation period of two years from discovery depends on whether theirs is "[a]n action for violation of ORS 59.135." To answer that question necessitates a brief description of the structure of the securities laws.

ORS 59.135, originally enacted in 1967, establishes that certain conduct is unlawful, specifically as relevant to this case, making untrue statements of material fact or omitting material information in connection with a sale of securities. When the legislature enacted the statute, however, it did not prescribe any consequences of that unlawful conduct; there is no express provision for a civil right of action for damages in ORS 59.135. The civil remedy for violation of the securities laws, including ORS 59.135, was provided in ORS 59.115. As the Supreme Court explained in *Held v. Product Manufacturing Company,* 286 Or 67, 69, 592 P2d 1005 (1979),

> "[a]lthough this statute [ORS 59.135] makes it *illegal* for 'any person' to defraud another person 'in connection with the purchase or sale of any security,' ORS 59.115 provided a *civil* remedy for this illegal activity * * *."

(Emphasis Supreme Court's.)

The relationship between ORS 59.135, which defines prohibited conduct, and ORS 59.115, which provides a civil remedy for that unlawful conduct, bears careful scrutiny, because the two statutes are not identical. Said another way, the civil remedies afforded by ORS 59.115 are not necessarily as broad as the prohibited conduct described in ORS 59.135; some conduct that is prohibited by one statute may not give rise to a damages action under the other. Thus, in *Held,* the court held that, although ORS 59.135 broadly prohibited any person from defrauding another in connection

with a sale of securities, ORS 59.115 did not provide a remedy to a seller who was defrauded by a purchaser of securities. *Held*, 286 Or at 71.

With that in mind, we turn to the scope of the remedy provided in ORS 59.115. That statute provides, in relevant part:

"(1)   A person who sells a security is liable * * * to a purchaser of the security if the person:

"(a)   Sells a security in violation of the Oregon Securities Law or of any condition, limitation or restriction imposed upon a registration or license under the Oregon Securities Law; or

"(b)   Sells a security by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission), and who does not sustain the burden of proof that the person did not know, and in the exercise of reasonable care could not have known, of the untruth or omission.

"* * * * *

"(3)   Every person who directly or indirectly controls a seller liable under subsection (1) of this section, every partner, limited liability company manager, including a member who is a manager, officer or director of such seller, every person occupying a similar status or performing similar functions, and every person who participates or materially aids in the sale is also liable jointly and severally with and to the same extent as the seller, unless the nonseller sustains the burden of proof that the nonseller did not know, and, in the exercise of reasonable care, could not have known, of the existence of facts on which the liability is based. Any person held liable under this section shall be entitled to contribution from those jointly and severally liable with that person."

The statute thus creates remedies against both sellers and nonsellers. ORS 59.115(1) provides remedies against the first category of defendants. Subsection (a) of that section provides a remedy against a seller who "[s]ells a security in violation of the Oregon Securities Law." Subsection (b) provides

a separate remedy against a seller who sells securities by means of untrue statements of material fact. ORS 59.115(3) provides a remedy against nonsellers who, among other things, "participate or materially aid" in the unlawful sale.

It bears noting that the remedy against nonseller participants is not contingent on the nonsellers' violation of any law. As we explained in *Computer Concepts, Inc. v. Brandt,* 137 Or App 572, 905 P2d 1177 (1995), *rev den* 323 Or 153 (1996), the liability of the nonseller participant under ORS 59.115(3) is predicated on the violation of the seller. The nonseller participant becomes liable under ORS 59.115(3) because it has "participated or materially aided" in the sale, not because it has violated any law. The statute affords such persons an affirmative defense in the event that they can establish that they did not know, or could not reasonably have known of the facts on which liability is based. ORS 59.115(3). That imposes what the Supreme Court has recognized as "a substantial burden" on nonseller participants, but, as the court also has observed, "this legislative choice was deliberate." *Prince v. Brydon,* 307 Or 146, 150, 764 P2d 1370 (1988).

It also bears noting that ORS 59.115(3) itself does not establish a standard of conduct the violation of which may result in an action for damages. By its terms, it expands the class of potentially liable persons from whom damages may be obtained for a seller's violation of the securities laws. Thus, it is incorrect to say that one may be sued for a "violation" of ORS 59.115(3); one may be sued under ORS 59.115(3) for participating in a sale of securities that occurred in violation of one of the substantive provisions of the Oregon Securities Laws, such as ORS 59.135.

In that statutory context, we examine the nature of the action at issue in this case. Plaintiffs allege that, in 1983, the sellers sold them securities by means of misstatements and omissions of material facts contained in various transaction documents. That clearly states a claim for the sellers' violation of ORS 59.135. Plaintiffs then alleged that defendants participated or materially aided in the sale of those securities by preparing the documentation in connection with

the sale. There is no question that a person who prepares documentation in connection with a sale of securities is a person who "participates or materially aids" in the sale under ORS · 59.115(3). *See, e.g., Towery v. Lucas,* 128 Or App 555, 564, 876 P2d 814 (1994) (attorney preparing documents). There is likewise no question that one who prepares documentation that contains material misstatements and omissions is a "person, directly or indirectly, in connection with the purchase or sale of any security" who, among other things, has "engage[d] in any act, practice or course of conduct which operates * * * as a fraud," in violation of ORS 59.135(3).

Under ORS 59.115(6) (1985), the general three-year statute of limitations does not apply to "[a]n action for a violation of ORS 59.135." It is clear that plaintiffs have brought such an action. They have alleged that defendants are liable, under ORS 59.115(3), for violations of ORS 59.135. It necessarily follows, therefore, that their action is not subject to the three-year statute of limitations and, instead, is subject to the exception requiring actions to be commenced within two years of discovery of the facts on which the action is based.

Defendants attempt to avoid that straightforward application of the statute by means of several arguments, none of which we find persuasive. First, defendants argue that plaintiffs have alleged that defendants violated ORS 59.115(3), not ORS 59.135, and therefore this is not an "action for a violation of ORS 59.135." To begin with, defendants mischaracterize plaintiffs' complaint. Plaintiffs have not alleged that defendants "violated" ORS 59.115(3), and appropriately so. As we have noted, ORS 59.115(3) is not a statute that may be "violated." It simply describes a class of persons who may be found liable for the violations of the securities laws. In this case, plaintiffs have brought an action for violations of ORS 59.135, and they have alleged that defendants are liable for those violations of ORS 59.135. That falls squarely within the provisions of the exception to the general three-year limitation described in ORS 59.115(6) (1985).

Second, defendants argue that violations of ORS 59.135 can be enforced only against *sellers* of securities, not against nonsellers who merely participated or materially

aided in the sale. According to defendants, violations of ORS 59.135 can be remedied only by an action under ORS 59.115(1) and not ORS 59.115(3). Defendants are at a loss to provide any textual support for their argument, and we are at a loss to find any as well. ORS 59.135 certainly is not limited to violations by sellers; it plainly prohibits violations by "any person, *directly or indirectly, in connection with the purchase or sale of any security*," who defrauds another person. (Emphasis supplied.) Likewise, ORS 59.115(3) is not limited to sellers; it expressly extends the liability of sellers to those nonsellers who participate or materially aid in the unlawful sale of securities.

The language of the limitation provision contained in ORS 59.115(6) (1985) provides further evidence that enforcement of ORS 59.135 is not limited to actions against sellers under ORS 59.115(1). It provides that the exception to the general three-year statute of limitations applies to "[a]n action under this section," that is, ORS 59.115. It does not say, as defendants would have us construe it to say, either "an action under this section *against a seller*" or "an action under *subsection 1* of this section."

Defendants argue that language in our opinion in *Loewen v. Galligan*, 130 Or App 222, 882 P2d 104, *rev den* 320 Or 493 (1994), is contrary to our reading of the statute of limitations in this case. In particular, defendants rely on a particular sentence in that opinion in which we said that the current version of ORS 59.115(6)

> "plainly provides that the statute of limitations for a violation of any subsection of ORS 59.115, other than ORS 59.115(1)(b), is three years."

*Id.* at 235. The quoted sentence, however, refers to a later version of the statute than is applicable to this case. Moreover, examination of the paragraph from which the sentence is extracted reveals that defendants are plainly incorrect in any event.

*Loewen* involved an action against sellers under ORS 59.115(1)(b) and against nonseller control persons under ORS 59.115(3) for the sellers' violation of the securities laws. The action did not involve ORS 59.135. No one argued

the applicability of the two-year statute of limitations that applies to actions brought under ORS 59.135. At issue in that case was whether the three-year statute of limitations may be tolled upon the certification of a class action. In setting out the background for the disposition of that issue, we quoted from ORS 59.115(6) and then summarized it as follows:

> "Except as otherwise provided in this subsection, no action or suit may be commenced under this section more than three years after the sale. An action under this section for a violation of subsection (1)(b) of this section * * * may be commenced within three years after the sale or two years after the person bringing the action discovered or should have discovered the facts on which the action is based, whichever is later. Failure to commence an action on a timely basis is an affirmative defense.

> "The text of ORS 59.115(6) plainly provides that the statute of limitations for a violation of any subsection of ORS 59.115, other than ORS 59.115(1)(b), is three years."

*Id.* The ellipsis in the quotation is in the original opinion and is significant, because the language of ORS 59.115(6) that we left out of the quotation in *Loewen* was: "or ORS 59.135." It is in that context that we summarized the statute of limitations, *sans* any reference to ORS 59.135. Our discussion of the statute of limitations, therefore, can be understood properly to have addressed only actions other than for violation of ORS 59.135.

Defendants finally assert vaguely that allowing ORS 59.135 to be enforced against nonsellers is contrary to the intentions of the legislature as revealed in the legislative history of ORS 59.115(6) (1985). According to defendants, the testimony of a Portland attorney who supported passage of the bill that became ORS 59.115(6) (1985) assured a legislative committee that the new statute of limitations that would apply to actions for violations of ORS 59.135 would affect "the most severe cases involving fraud." From that and similar comments, defendants derive the legislative intention to extend the new statute of limitations to actions against sellers only. We are not persuaded.

To begin with, defendant offers no justification for resort to the legislative history in this case. Under the interpretive methodology described in *PGE*, examination of legislative history is appropriate only in the face of ambiguous statutory language. *PGE*, 317 Or at 610-12. Defendants have identified no ambiguity in the statutory language that applies to this case. Even assuming, for the sake of argument, that such ambiguity exists, defendants' reliance on the legislative history of ORS 59.115(6) (1985) does not support their proposed construction of the statute. Setting aside the analytical problem of ascribing legislative intent on the basis of the testimony of nonlegislator witnesses, the fact is that the witness on whose testimony defendants rely said only that:

> "It is also important to note that the statute of limitations is only being changed for the most severe type of violation, a violation of ORS 59.135."

Minutes, House Consumer and Business Affairs Committee, HB 2224, March 28, 1985, Ex F. From that statement, defendants conclude that the amendments were intended only to apply to sellers who violate ORS 59.135.

We have searched in vain for any hint of suggestion that the amendments were intended to apply to sellers only. Closer examination of defendants' arguments reveals that, in fact, they do not rely on any legislative history demonstrating such an intention. Instead, they *assume* that fraud committed by a seller is somehow more "severe" than fraud committed by one who "merely participates" in the sale of securities, and, armed with that assumption, conclude that, because ORS 59.115(6) (1985) was intended to apply to "the most severe" types of securities law violation, it cannot have been intended to apply to less severe violations by "mere participants." The argument is not only unsupported by the legislative history but also directly contradicted by the language of the securities statutes, which provide that there is no distinction between sellers and "mere participants" in the severity of violations of the law. ORS 59.115(3) expressly provides that every person who participates or materially aids in a sale of securities conducted in violation of the securities laws "is also liable jointly and severally and to the same extent as the seller."

The dissent adopts a different approach in urging the same result as defendants. According to the dissent, although plaintiffs' complaint plainly describes conduct that violates ORS 59.135, we nevertheless should conclude that the statute of limitations that applies to "action[s] for violation of ORS 59.135" does not apply. That is because the conduct that plaintiffs describe in their complaint also falls under ORS 59.115(1)(b). The problem with the dissent's reasoning is that it requires us to read into the statute a qualification that simply does not appear in the language of the law. The discovery limitation statute, by its terms, applies to "an action for violation of ORS 59.135," not, as the dissent reads it, "an action for violation of ORS 59.135 *other than one brought under ORS 59.115(1)(b)."* We do not have the authority to rewrite the words of the statute in the manner suggested by the dissent. ORS 174.010. *See also Fernandez v. Board of Parole,* 137 Or App 247, 252, 904 P2d 1071 (1995) ("we are constrained by the reasonable construction of language that the legislature actually enacted").[3]

We conclude, therefore, that the exception to the general three-year statute of limitations applies in this case and that, under ORS 59.115(6) (1985), plaintiffs' claims must have been commenced within two years from the date they discovered or should have discovered the facts upon which their action is based. The trial court erred in reaching a contrary conclusion and in entering summary judgment in favor of defendants on that basis.

Defendants argue alternatively that the trial court's entry of summary judgment should be affirmed, nonetheless,

---

[3] In a footnote, the dissent insists that later amendments to the 1985 statute expressly applying the discovery limitation to actions brought under ORS 59.115(1)(b) suggest that the earlier version of the limitation was not intended to apply to actions brought under that section. 146 Or App at 690 n 2. The argument, however, does not necessarily follow; amendments may as likely be intended to clarify existing law as to change it. *See, e.g., Carroll v. Boise Cascade Corp.,* 138 Or App 610, 616 n 3, 910 P2d 1111 (1996) ("[n]ot all changes in statutory language, however, are material"). The dissent complains that refusing to read into the statute the qualification that it proposes renders the amendment meaningless. We do not agree, but in any event, the argument that we may read language into a statute to keep from rendering an amendment meaningless is precisely the argument that the Supreme Court rejected in *S-W Floor Cover Shop v. Natl. Council on Comp. Ins.,* 318 Or 614, 631, 872 P2d 1 (1994), and, more recently, in *State v. Webb,* 324 Or 380, 392-93, 927 P2d 79 (1996).

because the record shows conclusively that plaintiffs discovered or should have discovered the violations on which their action is based more than two years before their action was commenced. Although we may affirm the trial court on grounds different from those relied on by the trial court, in this case, the trial court's order expressly provided that it did not consider whether plaintiffs' claims should be barred for their having failed to bring their action timely under the alternative limitation period. Under the circumstances, the trial court should have the opportunity in the first instance to evaluate the parties' factual assertions.

Reversed and remanded for further proceedings.

**BUTTLER, S. J.,** dissenting.

Because the majority misapplies the rules of statutory construction, thereby rendering ORS 59.115(1)(b) superfluous, I dissent.

Plaintiffs' first amended complaint alleged:

"The securities that plaintiffs purchased were sold by means of the following untrue statements of material fact and omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading."

That allegation was followed by a list of allegedly false statements and omissions and by allegations that the nonselling defendants materially aided or participated in the sale of the securities in the way alleged. The securities were sold in a private placement in 1983. Plaintiffs allege that they did not discover, and could not reasonably have discovered, the violations until 1991, almost eight years later, when these actions were filed.

The nonselling defendants moved to dismiss plaintiffs' claims against them on the ground that the action was not commenced within the time permitted by former ORS 59.115(5).[1] Before it was amended in 1985, that subsection provided:

---

[1] At the time relevant to this action, the statute was numbered ORS 59.115(5); it is now numbered ORS 59.115(6).

> "No action may be commenced under this section more than three years after the sale."

In 1985, that subsection was amended to read:

> "No action or suit may be commenced under this section more than three years after sale except an action for violation of ORS 59.135, which may be commenced within three years after the sale or two years after the person bringing the action discovered or should have discovered the facts on which the violation of ORS 59.135 is based, whichever is later. Failure to commence an action on a timely basis is an affirmative defense." Or Laws 1985, ch 349, § 13.[2]

The trial court granted the motion and dismissed the complaint as to the nonselling defendants. Plaintiffs did not appeal. Instead, they filed their second amended complaint, alleging that "the securities were sold in violation of ORS 59.135 in that directly or indirectly, in connection with the purchase or sale of the securities or the conduct of a securities business * * *," followed by the same allegations that they made in their first amended complaint. On the nonselling defendants' motion, that complaint was dismissed as to them. Pursuant to ORCP 67(B), plaintiffs appeal from the judgment dismissing the action against those defendants.

---

[2] In 1987, that subsection was amended again to provide:

"Except as otherwise provided in this subsection, no action or suit may be commenced under this section more than three years after the sale. An action under this section for a violation of paragraph (b) of subsection (1) of this section or ORS 59.135 may be commenced within three years after the sale or two years after the person bringing the action discovered or should have discovered the facts on which the action is based, whichever is later. Failure to commence an action on a timely basis is an affirmative defense." Or Laws 1987, ch 603, § 6.

That amendment did not become effective until more than three years after plaintiffs purchased the securities. Therefore, it is not applicable in this case, because the time within which the action could have been filed had expired before the amendment became effective. *Nichols v. Wilbur*, 256 Or 418, 473 P2d 1022 (1970).

However, that amendment would not have been necessary if the 1985 version of the statute extended the statute of limitations for actions brought under ORS 59.115(1)(b). If the majority is correct, then ORS 59.115(1)(b) was and is a vestigial provision serving no meaningful purpose. All complaints alleging that defendant violated ORS 59.135(2) would come under ORS 59.115(1)(a), leaving the defendant with no affirmative defense. Clearly, that is not what the legislature provided or intended. The 1987 amendment simply confirms that.

The majority looks only to former ORS 59.115(5) and subsection (1)(a) in concluding that this is an action for violation of ORS 59.135(2). ORS 59.115(1)(a) provides:

"(1)  A person who sells a security is liable * * * to a purchaser if the person:

"(a)  Sells a security in violation of the Oregon Securities Law or of any condition, limitation or restriction imposed upon a registration or license under the Oregon Securities Law; or * * *."

It is clear that a seller may be held liable under that subsection if he "sells a security in violation of the Oregon Securities Law," which, in general, would include ORS 59.135, among other sections.[3] When the allegation, as here, is that the sellers made "untrue statements of a material fact and omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading," the action comes squarely within ORS 59.115(1)(b), even though that conduct would also be a violation of ORS 59.135(2).

The majority attaches no significance to ORS 59.115(1)(b) in holding that the extended statute of limitations provided in *former* ORS 59.115(5) is applicable to this case because the complaint alleges conduct that would constitute a violation of ORS 59.135(2). If the majority is correct, then the First Amended Complaint should not have been dismissed; however, plaintiffs did not appeal from that dismissal. Instead, they filed their second amended complaint, adding the allegation that the conduct violated ORS 59.135, a legal conclusion.

In any event, the majority is wrong, because the statute that permits plaintiffs to maintain this action is ORS 59.115(1)(b), which specifically provides that a person who sells a security is liable to a purchaser if the person:

"(b)  Sells a security by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading

---

[3] *See, e.g.* ORS 59.055 (selling unregistered securities); ORS 59.085 (failing to deliver copy of prospectus to purchaser; ORS 59.165 (sale by unlicensed broker).

(the buyer not knowing of the untruth or omission), and who does not sustain the burden of proof that the person did not know, and in the exercise of reasonable care could not have known, of the untruth or omission."

In construing a statute, our task is to discern the intent of the legislature. In doing so, we consider the context of the statutory provision, including other provisions of the same statute and other related statutes, including statutory mandates. *PGE v. Bureau of Labor & Industries*, 317 Or 606, 859 P2d 1143 (1993). One of the statutory mandates, ORS 174.020, instructs that "* * * when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent shall control a general one that is inconsistent with it." Here, ORS 59.115(1)(a) is a general provision permitting a purchaser of securities to maintain an action against a seller for the violation of the Oregon Securities Laws, which, on its face would include a violation of ORS 59.135, the criminal statute, for which no affirmative defense is available. However, subsection (1)(b) provides a specific remedy independent of ORS 59.135 and permits the seller an affirmative defense, not available under either ORS 59.115(1)(a) or ORS 59.135. Even if ORS 59.135 did not exist, the injured buyer would have a civil remedy under ORS 59.115(1)(b) for fraudulent representations, but not under subsection (1)(a). The specific provision prevails over the general provision. *Colby v. Larson*, 208 Or 121, 297 P2d 1073, 299 P2d 1076 (1956); ORS 174.020.

The majority recognizes that the remedy against the nonseller participants is predicated on a violation by the seller, not on their violation of any law. It also recognizes that under ORS 59.115(3) the nonsellers become liable because they have "participated or materially aided" in the sale, not because they have violated any law, and that they are afforded an affirmative defense if they can establish that they did not know, and could not reasonably have known, of the facts on which liability is based. In short, ORS 59.115(3) does not establish a standard of conduct the violation of which gives rise to an action for damages; it expands the class of persons who may be held liable for a seller's violation.

Notwithstanding its recognition that a nonseller's liability depends on the sellers' violation of the securities laws, the majority fails to focus on the basis for plaintiffs' claims against the sellers, stating only that it is for the violation of the securities laws. However, as the majority recognizes, in the absence of ORS 59.115 plaintiffs have no basis for a claim against the sellers or the nonsellers, even though the sellers violated ORS 59.135, the criminal statute. Here, plaintiffs' claims fall squarely within ORS 59.115(1)(b), which is specific and which provides the sellers with an affirmative defense not available under ORS 59.115(1)(a), which is a general provision. The specific statute controls, and the statute of limitations has run on the claims.

Although I believe that the statutory scheme is unambiguous, if there is any ambiguity, we look to the legislative history of the 1985 amendment to *former* ORS 19.115(5), which extended the statute of limitations for claims arising under ORS 59.115. That amendment was proposed by Gary Berne, a Portland attorney, who testified before the House Consumer and Business Affairs Committee. He stated, in part:

"It is also important to note that the statute of limitations is only being extended for the most severe type of violation, a violation of ORS 59.135.[4] The statute of limitations that applies to violations of the registration requirements of the securities laws or a violation of ORS 59.115(1)(b) and ORS 59.127(1)(b)[5] is not being changed."

No matter how plaintiffs characterize their claims,[6] they fall under ORS 59.115(1)(b), and that was their claim under their first amended complaint. That complaint was dismissed because the three-year statute of limitations had expired before the action was commenced. They assign no error to that dismissal; it was correct. Instead, they filed their

---

[4] The majority quotes only the first sentence of this testimony, although it is the second sentence that is instructive.

[5] ORS 59.127 authorizes sellers to maintain an action against purchasers in the same manner and for the same reasons as ORS 59.115 permits purchasers to maintain an action against the seller. ORS 59.127(1)(b) is the counterpart of ORS 59.115(1)(b).

[6] That which we call a rose by any other name would smell as sweet.

second amended complaint in an effort to make it appear that their claim falls under ORS 59.115(1)(a). They were right the first time, but their action was filed too late.

Because I would affirm the trial court's dismissal of the action, I dissent.